[Crim. No. 3036.    Third Dist.    Mar. 11, 1960.]

THE PEOPLE, Respondent, v. RUTHERFORD EUGENE ROSS, Appellant.

Rutherford Eugene Ross, in pro. per., and Robert J. Cook, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Rutherford Eugene Ross was convicted by a jury of violating section 261, subdivision 1, (statutory rape) and section 288 (lewd and lascivious conduct) of the Penal Code. After the verdict of the jury was received the criminal proceedings were suspended and proceedings were had to determine whether or not Ross was a sexual psychopath. After an examination appellant was determined to be a sexual psychopath and was incarcerated as one. Thereafter a motion for a new trial was made and denied. This appeal is from an order denying the motion for a new trial. Though neither a judgment has been entered nor probation granted, the appeal is properly before this court under the provisions of rule 30 of the Rules on Appeal.

The testimony of the victims, Gloria, a child of 12, who is appellant's stepdaughter, and her friend Carolyn, a child of 11, established the fact that the acts which appellant was charged with committing had been accomplished. Gloria testified that on September 13, 1957, she, Carolyn and appellant had gone into the woods near her home. Appellant after some coaxing obtained Gloria's consent to an act of sexual intercourse. Appellant took the jeans and pants she was wearing off of one leg and then practically forced her down on a log. In the victim's own words, "I wasn't laying down, I was kind of sitting down." Appellant then engaged in an act of sexual intercourse with Gloria. While he was doing this he was playing with Carolyn.

The act against Carolyn took place in a bedroom of appellant's home. Carolyn was spending the night with Gloria. Both girls were in bed. A small child was at the foot of the bed in which the girls were and four small children were sleeping in another bed in the room. The appellant entered the bedroom and lay down on the bed next to Carolyn and according to her testimony committed an act which violates the provisions of section 288 of the Penal Code until he was interrupted by a knock on the front door. Each girl corroborated the testimony of the other.

The next morning Carolyn's mother accused him of molest-

ing both girls. She testified that he did not deny the act. Appellant's wife testified that later the same day appellant told her ''there wasn't any use living any more, that he was guilty. He said he'd been trying to explain to me all along but he couldn't.''

A medical examination disclosed that Gloria's hymen was intact, but the doctor who examined her testified that she was perfectly capable of having union with a normal male.

Appellant denied the act. He sought to establish the fact that he was incapable of having sexual intercourse at the time of the alleged act because of a bruised penis. He also sought to establish the fact that he was with Charles Powell at the time of the alleged act against Gloria.

██ Appellant first contends that it was improper to join the two offenses with which he was charged in the information and for trial. The record does not disclose that any demurrer was made on the ground that there was an improper joinder. The objection therefore cannot be raised for the first time on appeal. (*People* v. *Haley*, 102 Cal.App.2d 159 [227 P.2d 48].) Whether or not the procedure was erroneous depends upon an interpretation of section 954 of the Penal Code which reads in part that an information may charge two or more different offenses of the same class of crimes or offenses under separate counts. ██ The following quotation from the case of *People* v. *Thorn*, 138 Cal.App. 714, 734-735 [33 P.2d 5], is applicable: ''. . . The legislature, it seems to us, meant by the use of the words 'the same class of crimes or offenses,' in such section, offenses possessing common characteristics or attributes, . . .'' ██ Here the different offenses set out in the information do have attributes in common. Each act was committed against a child and each act was a sex crime. The two offenses were properly joined. (See also *People* v. *Walker*, 112 Cal.App.2d 462 [246 P.2d 1009]; *People* v. *Warriner*, 37 Cal.App. 107 [173 P. 489].)

Appellant next contends that the evidence was insufficient to sustain the verdicts. ██ The rule which this court must follow was aptly stated in *People* v. *Simpson*, 43 Cal.2d 553, 562-563 [275 P.2d 31]: ''[T]he rule is well settled that to warrant the rejection of the statements given by a witness who has been believed by a jury, . . . there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions [citing cases], and it is the exclusive province of the trial judge or jury to determine the credibility of a witness and

the truth or falsity of the facts upon which a determination depends. . . .'' ■ Appellant points to the fact that Gloria's hymen was intact as proof that her story was improbable. One of the physicians who examined Gloria testified that she was capable of engaging in an act of sexual intercourse with a normal male. It was permissible for the jury, after hearing the doctor's testimony, to give credence to Gloria's testimony. ■ Any alleged temporary inability of appellant to engage in sexual intercourse was a matter for the jury to determine. In the face of the testimony that appellant had tried to persuade another woman to have sexual intercourse with him several days before the alleged act and his wife's testimony that she engaged in sexual relations with him a few days after the crime, this court cannot say that appellant has established the inherent improbability of the child's testimony; nor can this court say that the testimony about the act against Carolyn was inherently improbable. We conclude that the evidence is sufficient to support the judgment.

■ The final contention of the appellant concerns alleged misconduct upon the part of the district attorney. The first alleged error concerns some 118 questions propounded by the district attorney to various witnesses. Appellant contends these questions were improper because they were leading, repetitious, assumed facts not in evidence or were degrading. In very few instances were objections made. Insofar as the leading questions are concerned it must be borne in mind that two of the witnesses were children about 12 years of age, and in the examination of children it would be within the discretion of the trial court to permit leading questions to be asked. But even more important, an objection in the trial court could have corrected any error. The rule is that in the absence of an objection in the trial court one may not assert on appeal that error occurred because leading questions were asked on direct examination. (*People* v. *Kostal*, 123 Cal.App.2d 120 [266 P.2d 205].) The same rule would be applicable to the repetitious questions.

■ Specific objection is taken to the following question asked Carolyn's mother: ''Now, you understand . . . you are not allowed to say why you were there or that anybody told you anything out of the presence of the defendant because that's considered an error, so I don't want you to do. that, so regardless of why you were standing outside the home or what motivated you to be there, you were there on the night mentioned, isn't that correct?'' and also the following statement,

"And then you—remember, you can't testify to what you said . . . out of the presence of the defendant Sunday morning or what your daughter told you, unless the defendant was present, so don't do that."

Appellant contends these questions were calculated to get before the jury an inference of something harmful to the defendant which was known by the witness and the district attorney which could not be told because of technical reasons. However, we do not believe that appellant's conclusion is the only one that must be drawn. It could well have been an attempt on the part of the district attorney to prevent inadmissible evidence from being heard by the jury. The record does not disclose that the statement was made in bad faith. Under such circumstances we cannot say the remarks were prejudicial.

More serious is the contention that certain questions asked of Charles Powell, a defense witness, constituted prejudicial error. At the time of the trial he was serving a two-year term in the county jail for drunk driving for five violations of section 23102 (502) of the Vehicle Code. On direct examination it was brought out that he was incarcerated on a drunk-driving charge and also that he had served penitentiary terms for two different felonies, burglary and forgery. On cross-examination the following questions were asked: "It is possible, . . . , by the fact that you're doing two years in the County Jail for violation of—five violations of Section 502, drunk driving, that you figure you have got nothing to lose in this Courtroom?" No objection was made to the question and the witness answered, "No, I don't think that."

It was improper to inform the jury of the number of offenses of drunk driving for which the witness had been sentenced. However, in view of the fact that appellant's counsel had brought out on direct examination that the witness was serving a term in the county jail for a violation of section 502 (now § 23102) of the Vehicle Code and had also been twice convicted of a felony, we do not believe that appellant suffered any prejudice from the question. Furthermore, no objection was made to the question.

Appellant contends also that the district attorney improperly asked a witness whether or not appellant solicited her to commit a sexual act. The evidence was offered to disprove appellant's contention that at the time he was incapable of performing a sexual act because of a bruised penis. The evidence was proper for the purpose for which it was offered.

Appellant contends that the district attorney was guilty of prejudicial misconduct in his argument to the jury. He first complains of the following statement: "If the testimony is true, he's got the sexual appetite of a barbarian or an ape."

A prosecutor may properly urge his points vigorously as long as he does not act unfairly, and may use appropriate epithets which are warranted by the evidence without being chargeable with prejudicial misconduct. (*People* v. *Wein*, 50 Cal.2d 383, 397 [326 P.2d 457].) In the Wein case the prosecutor referred to the defendant as being among that "strange breed" or "kidnapers, robbers and forcible rapists."

We believe that the statement of the district attorney was within the bounds of legitimate argument.

Likewise, there is no merit in appellant's contention that the district attorney was guilty of prejudicial misconduct in his argument to the jury when he referred to appellant as a very strange man indeed. In view of the evidence in the case the statement was well within the bounds of legitimate argument, and furthermore it appears that the district attorney was merely repeating a phrase used by appellant's counsel.

Appellant contends further that the district attorney was guilty of prejudicial misconduct in expressing his personal belief as to the guilt of appellant when he told the jury, "If he did, and I believe he did and I submit he did from the evidence, . . ." Taking the statement as a whole, we believe that a proper construction of it is that the district attorney believed from the evidence presented that the appellant was guilty and that it was not an expression of guilt based on facts not in evidence.

There is no merit in appellant's contention that the district attorney argued facts not in evidence when he told the jury that defendant admitted to his sister that the girls made him do it. Appellant's sister testified on direct examination, "He says, . . . they made him do it." On cross-examination the sister testified that appellant said that he was not guilty of the acts charged. The district attorney was free to use the testimony most favorable to the prosecution in his argument to the jury. Since there was evidence in the record to support the statement of the district attorney, it cannot be said that he argued facts not in evidence.

A number of other contentions raised by appellant are likewise without merit. They consist of arguments that

certain questions asked by the district attorney should not have been asked and also that certain statements made by the district attorney in his argument to the jury should not have been made. The record shows that although appellant was represented at the trial by able and experienced counsel these questions were not objected to nor were the statements assigned as misconduct. Therefore, even if the questions and statements were improper, appellant is in no position to urge them on appeal.

Because of the numerous points raised by appellant we have examined the entire record and have reached the conclusion that the evidence of the guilt of appellant was very strong, that no prejudicial error was committed, and that even if appellant were correct in some of his contentions of error no miscarriage of justice has resulted.

The order denying appellant's motion for a new trial is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied April 6, 1960, and appellant's petition for a hearing by the Supreme Court was denied May 4, 1960.