[Civ. No. 12509. Third Dist. May 19, 1970.]

ZED AYDELOTT, JR., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Richard E. Johnson for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, and Edward W. Bergtholdt, Deputy Attorney General, for Real Party in Interest.

OPINION

BRAY, J.*—Petition for writ of prohibition to prevent trial of five counts in a ten-count indictment.

QUESTIONS PRESENTED

1. Failure of petitioner to challenge in time the denial of his section 995 Penal Code motion.

2. Are counts 1, 3, 7, 8, and 10 properly joined?

3. Validity of denial of motion for separate trials of the counts.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

RECORD

A ten-count indictment was filed against petitioner, a licensed physician. His motion under section 995 Penal Code to set aside the indictment was granted as to five counts and denied as to the other five counts.[1] The latter will be discussed hereinafter.

In addition to his motion under section 995, petitioner demurred to all counts and also moved for separate trials of each. The demurrer was overruled and the motion for separation denied.

Petitioner seeks review of the adverse actions of the trial court. The sole grounds of the petition are the same as stated in petitioner's demurrer, namely: (1) alleged lack of jurisdiction of the trial court over counts 7 and 8, misdemeanors, and (2) that the indictment joins offenses not connected in their commission.

1. *Review of the section 995 motion comes too late.*

That motion was denied on November 19, 1969. The petition herein was filed December 10.

■ Penal Code section 999a requires that a petition for writ of prohibition seeking review of a denial of a 995 motion be filed within 15 days of the denial. A petition for prohibition not filed within the 15 days must be denied. (*Bernstein* v. *Superior Court* (1955) 45 Cal.2d 774 [291 P.2d 29].)

2. *Joinder of counts.*

■ The five counts left in the indictment are:

*Count 1.* Violation of section 11163 Health and Safety Code (illegally prescribing a narcotic to Ralph Patton on February 4, 1969), a felony;

*Count 3.* Violation of section 288a Penal Code (attempted oral copulation upon the person of one Michael on August 3, 1969), a felony;

*Count 7.* Violation of section 272 Penal Code (contributing to the delinquency of a minor, Timothy, by permitting him to consume alcoholic beverages at a party in petitioner's home on May 9, 1969), a misdemeanor;

*Count 8.* Violation of section 272 Penal Code (contributing to the delinquency of a minor, Dominic, in touching, rubbing and fondling said

---

[1]The counts set aside were count 2, violation of section 11164 Health and Safety Code (prescribing narcotics to a narcotic addict); counts 4, 5, 6 and 9, violations of section 272 of the Penal Code (contributing to the delinquency of minors).

minor's private parts at petitioner's home on June 1 and June 10, 1969), a misdemeanor;

*Count 10.* Violation of section 288a Penal Code (oral copulation upon the person of a minor, Raymond, at petitioner's home on July 14, 1969), a felony.

In pertinent part, Penal Code section 954 provides: "An accusatory pleading may charge two or more different offenses connected together in their commission, . . . or two or more different offenses of the same class of crimes or offenses, under separate counts . . . provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately."

■ Section 954 does not distinguish felonies and misdemeanors in its provisions for joinder. It therefore authorizes the joinder of misdemeanor counts and felony counts in a prosecution in the superior court if the misdemeanors and felonies either were "connected together in their commission" or are "of the same class of crimes or offenses." (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 826 [48 Cal.Rptr. 366, 409 P.2d 206]; see also, *In re McKinney* (1968) 70 Cal.2d 8, 13 [73 Cal.Rptr. 580, 447 P.2d 972]; *People* v. *Winchell* (1967) 248 Cal.App.2d 580, 589-590 [56 Cal.Rptr. 782].)

■ For purposes of joinder, offenses are deemed to have been "connected together in their commission" where there was a common element of substantial importance in their commission, even though the offenses charged did not relate to the same transaction and were committed at different times and places and against different victims. (*People* v. *Polk* (1964) 61 Cal.2d 217, 230 [37 Cal.Rptr. 753, 390 P.2d 641]; *People* v. *Spates* (1959) 53 Cal.2d 33, 36 [346 P.2d 5].) ■ Similarly, within the meaning of section 954, offenses are "of the same class" if they possess common characteristics or attributes. (*People* v. *Kemp* (1961) 55 Cal.2d 458, 476 [11 Cal.Rptr. 361, 359 P.2d 913]; *People* v. *Ross* (1960) 178 Cal.App.2d 801, 805 [3 Cal.Rptr. 170].)

■ Upon demurrer, the indictment must be construed in light of the transcript of testimony on which it is founded. (See, *People* v. *Crosby* (1962) 58 Cal.2d 713, 722-723 [25 Cal.Rptr. 847, 375 P.2d 839]; cf. *People* v. *Burch* (1961) 196 Cal.App.2d 754, 763-764 [17 Cal.Rptr. 102].) ■ In the present case, common elements of substantial importance underlying counts 3, 7, 8, and 10 were the alleged circumstances that petitioner's home was used by him to commit the crimes charged in

those counts and, as to each such count, a male juvenile was the victim. (See, *People* v. *MacEwing* (1963) 216 Cal.App.2d 33, 50 [30 Cal.Rptr. 476]; *People* v. *Ross, supra,* 178 Cal.App.2d at p. 805; cf. *People* v. *Cramer* (1967) 67 Cal.2d 126, 130 [60 Cal.Rptr. 230, 429 P.2d 582].) These two circumstances are specifically alleged by the indictment as to counts 7, 8, and 10. The testimony before the grand jury supports those allegations as to those three counts, and shows the presence of the same two circumstances as to count 3, as appears in the following summary from the grand jury transcript:

*Count 3*—On August 3, 1969, petitioner invited Michael, a juvenile, to petitioner's Stockton home for a nightcap. No one else was present in the home. When they arrived there, Michael declined the drink and lay down because he felt ill from drinking elsewhere. Petitioner masturbated himself, fondled Michael's genitals, and attempted to orally copulate the boy's penis.

*Count 7*—Petitioner supplied alcoholic beverages at a party for high school students in his Stockton home on May 9, 1969. Timothy, age 17, attended the party and consumed such beverages there. Petitioner never made any sexual overtures toward Timothy, but on an unspecified occasion told him he could stay at petitioner's home any time the boy wanted to.

*Count 8*—The "first part of June 1969," Dominic, age 17, went to petitioner's Stockton home with a friend. After the friend left, while purporting to give Dominic a physical examination so the boy would have an excuse for school absences, petitioner put his arms around Dominic, fondled the youth's penis, and attempted to masturbate the boy. Later that June, after Dominic had fallen asleep in petitioner's home while there were other persons present, the boy awoke to find that the others had gone and that petitioner had the boy's pants down and was "playing" with him. The offer or use of alcoholic beverages was apparently not involved in Dominic's case.

*Count 10*—On July 14, 1969, petitioner invited Raymond, a juvenile, to petitioner's Stockton home for a drink after having bought other drinks for him at a bar. No one else was present in the home. When they arrived there, petitioner served Raymond the drink and told the boy he wanted to go to bed with him. Under the influence of the alcohol, Raymond consented. Petitioner orally copulated the youth's penis. Petitioner rubbed his own penis against the boy's leg. Then petitioner masturbated himself.

It is apparent from the foregoing summary that deviate sexual conduct was a third common element of substantial importance underlying counts 3, 8, and 10.

However, no common element, characteristic, or attribute connects count 1 (illegally prescribing a narcotic on February 4, 1969, to Ralph Patton) with any of the other counts. There is no allegation in the indictment, and no evidence in the record, either that Patton was a minor at the time of the alleged offense or that it was committed in petitioner's home. The grand jury transcript shows that, if an illegal prescription was written, it was written by petitioner in his Stockton office. Although in the first of three visits made to defendant's office by the narcotic addict, Ralph Patton, for the purpose of obtaining narcotics, there was sexual deviate action, at the second and third visits there was no such conduct (and it is only the unlawful prescribing of narcotics at the third visit which count 1 charges). The evidence showed that Patton's last visit was limited to illegally obtaining a narcotic.

### 3. *Denial of separate trials.*

As the counts (other than count 1) were properly joined in the indictment, the court did not abuse its discretion in denying defendant's motion for severance of the trial of each count. "[I]t is in the discretion of the trial court to order the different counts in an information [or indictment] to be tried separately and in the absence of a showing of an abuse of such discretion the trial court's ruling [denying separate trials] will not be reversed on appeal." (*People* v. *Leete* (1955) 130 Cal.App.2d 725, 727 [279 P.2d 769]; see also, *People* v. *Chapman* (1959) 52 Cal.2d 95, 97 [338 P.2d 428].)

 Let a peremptory writ of mandate issue requiring the trial court to vacate that portion of its order of December 3, 1969, whereby it overruled the demurrer to count 1, and to enter an order sustaining the demurrer to that count. In all other respects, the petition is denied and our previous stay order vacated.

Pierce, P. J., and Regan, J., concurred.