[No. A042161. First Dist., Div. One. Aug. 18, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
HERBER LENEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

---

**COUNSEL**

L. Jeannette Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Donna B. Chew, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**STEIN, J.**—Herber Leney appeals from his conviction on two counts of misdemeanor child molesting (former Pen. Code, § 647a, now § 647.6).[1] He argues that the superior court had no jurisdiction over the misdemeanor counts . . . .* We . . .* affirm the conviction . . . .*

An information was filed charging appellant, a high school teacher, in count one with a felony, anal penetration by foreign object (§ 289, subd. (a)), and in counts two, three, and four with misdemeanor child molesting (§ 647a). Counts one and two related to one minor (S.W.), while counts three and four involved two different victims. The four counts arose out of separate instances of sexual activity involving three of appellant's students.

Appellant filed a motion to strike counts three and four, arguing that the superior court did not have subject matter jurisdiction over misdemeanors not arising out of the same conduct as the felony charge. Later appellant

---

[1] All statutory references are to the Penal Code.

*See footnote, *ante,* page 265.

appeared in court and announced an agreement with the prosecutor to dismiss counts one and two in exchange for appellant's waiver of a jury trial on counts three and four.

When trial of the remaining two counts began, the district attorney asked the court about the "possibility of Defendant waiving any possible irregularities regarding subject matter jurisdiction of this Court to hear the case since we're left with two misdemeanor charges." Defense counsel responded, "We've agreed that, your Honor hearing the matter as a court trial." At the conclusion of the trial, the court found appellant guilty of both counts.

. . . . . . . . . . . . . . . . . . . . .*

 Relying primarily on *People* v. *McAlister* (1976) 54 Cal.App.3d 918 [126 Cal.Rptr. 881], appellant argues that the superior court never had jurisdiction over the misdemeanor counts because they did not arise out of the incident supporting the felony charge. █ ██ ██ Although *McAlister* appears to support this contention, we believe it rests on a misreading of applicable Supreme Court authority.[2]

 As appellant concedes, the superior court has jurisdiction over a misdemeanor which has been properly joined with a felony count. (*People* v. *Clark* (1971) 17 Cal.App.3d 890 [95 Cal.Rptr. 411].) The superior court retains jurisdiction even if the felony count is eliminated before trial. (*Id.,* at pp. 897-898; *People* v. *Brown* (1970) 10 Cal.App.3d 169, 175 [88 Cal.Rptr. 801].) Appellant argues, however, that a misdemeanor may only be joined with a felony when the misdemeanor arises out of the same transaction or continuous course of conduct as the felony. For this proposition, appellant cites *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].

*Kellett* discusses two rules regarding joinder. The narrower rule, relied upon by appellant and the court in *McAlister, supra,* pertains to situations in which a prosecutor *must* join offenses. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 826.) In this situation, when the prosecutor is aware of more than one offense involving the same conduct, all offenses must be joined. Failure to join all such offenses may bar subsequent prosecutions.

---

*See footnote, *ante,* at page 265.

[2] Jurisdiction over subject matter is conferred by law. Appellant's purported waiver of jurisdictional defects at the beginning of trial is of no effect. (*Griggs* v. *Superior Court* (1976) 16 Cal.3d 341, 344, fn. 2. [128 Cal.Rptr. 223, 546 P.2d 727]; *Burris* v. *Superior Court* (1974) 43 Cal.App.3d 530, 537 [117 Cal.Rptr. 898].)

(*Id.,* at p. 827.) The *Kellett* court also noted that section 954, governing permissive joinder, "does not distinguish felonies and misdemeanors in its provisions for joinder. It therefore authorizes the joinder of a misdemeanor count and a felony count in a prosecution in the superior court." (*Id.,* at p. 826, fn. 3.)

Section 954 provides a broad basis for discretionary joinder of criminal charges. It provides, in relevant part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, . . ." ▉ In *In re McKinney* (1968) 70 Cal.2d 8 [73 Cal.Rptr. 580, 447 P.2d 972], the court repeated its observation in *Kellett* regarding permissive joinder of misdemeanor and felony charges, explaining as follows: "Authority both venerable and recent supports the general rule that a superior court has no jurisdiction over misdemeanor offenses. . . . [¶] An exception to the general rule has been made by statute where the jurisdictional provisions relating to the superior court clash with a legislative requirement that all offenses 'connected together in their commission' be joined. Where a defendant is charged with both a felony and a misdemeanor, the superior court has jurisdiction to hear the misdemeanor case. (Pen. Code, § 954; *Kellett* v. *Superior Court* 62 Cal.2d 822, 826, 827-828; . . .)" (*Id.,* at p. 13.)

▉ The phrase regarding offenses "connected together in their commission" under section 954 includes offenses that share a common element, such as the use of a defendant's home to commit the crime, or commission of several crimes against male juveniles. (*Aydelott* v. *Superior Court* (1970) 7 Cal.App.3d 718, 722-723 [86 Cal.Rptr. 713].) Such offenses are deemed to be connected together "even though the offenses charged do not relate to the same transaction and were committed at different times and places against different victims." (*People* v. *Poon* (1981) 125 Cal.App.3d 55, 68 [178 Cal.Rptr. 375].)

▉ Section 954 also permits joinder of offenses "of the same class of crimes." Offenses are of the same class when they possess common attributes, such as lewd conduct toward young female minors. (*People* v. *Moore* (1986) 185 Cal.App.3d 1005, 1012-1013 [230 Cal.Rptr. 237].) Crimes are of the same class when they all involve assaultive crimes against the person. (*People* v. *Poggi* (1988) 45 Cal.3d 306, 314, 320 [246 Cal.Rptr. 886, 753 P.2d 1082], robbery, rape, burglary, and assault with a deadly weapon properly joined in spite of different victims; *People* v. *Poon, supra,* 125 Cal.App.3d 55, 60, 69, burglary, lewd acts with child, assault with intent to commit rape, false imprisonment, and rape against two victims properly joined.)

■ Appellant argues that the misdemeanor child molesting offenses charged herein are not of the same class, did not have common elements, and were not the result of a series of connected transactions. Only the latter statement withstands analysis. As disclosed in the preliminary hearing transcript, the felony count of anal penetration regarding S.W. arose out of an incident where one of appellant's male high school students was watching a football game at appellant's home. Appellant and the student were sitting on the bed, when appellant began wrestling with the student, forced him to the ground, and committed the charged act. Appellant told the boy he was just joking around. The misdemeanor count regarding S.W. arose from an incident at appellant's apartment when appellant and the student were looking at a baseball schedule. Appellant held the schedule on the minor's lap and laid his hand on the student's crotch. When S.W. protested, appellant claimed to be joking. The other two misdemeanor charges arose out of incidents at appellant's apartment where he held a script, in one case, and a magazine, in the other, in the student's lap, and touched the boy's genitals. Again, appellant claimed to be joking.

The misdemeanor charges occurred at appellant's home, involved sexual touching of male students, involved use of a magazine in the student's lap, and a claim that appellant was joking. Similar circumstances were held sufficient to justify joinder of the charges in *Aydelott* v. *Superior Court, supra,* 7 Cal.App.3d 718, 722-723, and *People* v. *Moore, supra,* 185 Cal.App.3d 1005, 1012-1013.

Appellant correctly points out that *McAlister* appears to distinguish *Aydelott,* by citing it in connection with the statement that section 954 deals with joinder of offenses involving separate violations, defendants, times and victims, and that it *presumes* jurisdiction over each offense joined. (*People* v. *McAlister, supra,* 54 Cal.App.3d 918, 927.) *McAlister* involved a series of events in which the defendant was initially charged, by a complaint in municipal court, with four felony counts and one misdemeanor against three different victims. (*Id.,* at p. 922.) At the preliminary hearing, the magistrate found insufficient evidence to support one of the felony counts, but sufficient evidence as to a misdemeanor count against the same victim. The magistrate did not hold the defendant to answer on the counts relating to that victim, but recommended transfer back to municipal court on the misdemeanor count. (*Id.,* at pp. 922-923.) The district attorney filed an information in superior court which included the misdemeanor charge. The superior court, without stating a reason, granted a motion to strike the misdemeanor.[3] The district attorney then obtained a grand jury indictment

---

[3] In a footnote, the *McAlister* court speculates that the dismissal was based on a lack of jurisdiction of the superior court over a misdemeanor, citing *In re Joiner* (1960) 180 Cal.App.2d 250 [4 Cal.Rptr. 667]. *Joiner,* however, involved a single act that had been prose-

on all of the charges. The superior court subsequently set aside the indictment with the exception of one of the felony counts. After discussing the propriety of the district attorney's actions, the *McAlister* court upheld the dismissal of the misdemeanor count on the theory that the superior court has no jurisdiction over misdemeanors.

Clearly, this is contrary to *Kellett* and *McKinney*. *McAlister* mistakenly relied on the portion of *Kellett* dealing with mandatory joinder when it stated that a superior court only has jurisdiction over misdemeanors "where the same defendant is also concurrently charged with one or more felonies arising out of the same act or course of conduct." (*People* v. *McAlister, supra,* 54 Cal.App.3d 918, 927.) ■■■ As previously stated, in the situation where the misdemeanor and the felony charges arise from the same conduct, the charges *must* be joined. *Kellett* does not hold that this is the only case in which the charges may be joined. (See Bein, *Implementation of Kellett's Command: Joinder of Misdemeanors and Felonies in Superior Court* (1970) 7 San Diego L.Rev. 1, 4-5.)

■■■ We conclude that the felony and misdemeanor counts in the instant case were "connected together in their commission" in that they shared the common elements of use of appellant's home to commit crimes against male juveniles. In addition, the crimes were of the same class, in that they all involved similar sexual misconduct toward minor male students. The superior court had jurisdiction over the misdemeanor charges by virtue of their being properly joined with the original felony charge.

. . . . . . . . . . . . . . . . . . .*

The judgment . . .* is affirmed.

Newsom, Acting P. J., and Holmdahl, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 30, 1989.

---

cuted as a felony under the Penal Code when it could only legally have been charged as a misdemeanor under the Vehicle Code. *Joiner* predated *Kellett,* and did not involve jurisdiction that is gained by proper joinder of misdemeanor and felony charges.

 * See footnote, *ante,* page 265.