Filed 4/30/13  P. v. Church CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LESLIE GIOVANNI CHURCH,<br><br>    Defendant and Appellant. | D060600<br><br><br><br>(Super. Ct. No. SCD219308) |

APPEAL from a judgment of the Superior Court of San Diego County, John S. Einhorn, Judge.  Affirmed as modified; remanded with directions.

A jury convicted Leslie Giovanni Church of three counts of robbery (Pen. Code,[1] § 211; counts 1-3), three counts of burglary (§ 459; counts 4-6), and one count of receiving stolen property (§ 496, subd. (a); count 7).  It found true allegations Church used a gun during the robberies.  (§ 12022.53, subd. (b).)  The court severed count 8, which alleged escape or attempted escape from custody, and that charge was later

_____

1    All statutory references are to the Penal Code unless otherwise stated.

dismissed in the interest of justice. It sentenced Church to a total prison term of 45 years. The court used one prison prior both to add a five-year enhancement term under sections 667, subdivision (a)(1)/668/1192.7, subdivision (c) and to impose and stay a one-year enhancement term under sections 667.5, subdivision (b)/668. The court imposed various fines and fees, including a $154 booking fee under Government Code section 29550.1.

Church contends the court (1) abused its discretion in declining to sever the burglary counts from the counts for robbery and receiving stolen property, thus violating his constitutional rights to due process and a fair trial; (2) erroneously stayed, rather than struck, the one-year enhancement term under sections 667.5, subdivision (b)/668; and (3) erroneously imposed a booking fee under Government Code section 29550.1, which was not supported by substantial evidence of his ability to pay. We will strike the one-year enhancement under sections 667.5, subdivision (b)/668, but otherwise affirm the judgment.

## FACTUAL BACKGROUND

Church does not challenge the sufficiency of the evidence to support his convictions; therefore, we set forth the evidence only to the extent necessary to address his claim the court erroneously declined to sever the counts.

*Count 1 Robbery*

On January 27, 2009, Church, entered the Jewelry Passion store in La Jolla, California, and asked to see the most expensive diamond bracelets and engagement rings. After approximately 30 minutes, he left without making a purchase. Church returned to the store a few hours later and, while viewing jewelry, wielded a gun, told an attendant to

2

lay on the floor, and left with approximately 25 engagement rings valued at about $50,000.

*Count 2 Robbery*

On January 8, 2009, Church returned to Jantelli Jewelers in Del Mar, California, after having visited the store and viewed expensive diamond rings several times in the previous week. While viewing the jewelry again, Church placed a gun to the attendant's head, ordered him to lay face down on the ground, and took rings and bracelets valued at $425,000.

*Count 3 Robbery*

On February 6, 2009, Church returned to John's Jewelry & Gems, located in Laguna Beach, California, after twice having looked at diamond rings there in the previous few days. While viewing jewelry, Church pointed a gun at the attendant's head, told him to lay face down, and left with rings valued at approximately $40,000.

*Count 4 Burglary*

On December 22, 2008, Church entered Remax Distinctive Properties in Del Mar, California, and asked the office administrator about rental properties. Church requested copies of different maps, and for each request, the administrator made the copies in a back room, leaving Church alone in the front office, where her purse remained unattended underneath her desk. That afternoon, the bank informed the administrator that her account was overdrawn, and she realized her wallet was missing from her purse. The unauthorized bank transactions occurred shortly after Church had left her office.

3

*Count 5 Burglary*

On January 1, 2009, Church entered the Frustrated Cowboy store in Del Mar, California, and an attendant helped him shop for boots. Church also looked at belts, which were located near where the attendant had left her purse. After he left the store, the attendant realized her wallet, containing approximately $400 in cash, was missing from her purse.

*Count 6 Burglary and Count 7 Receiving Stolen Property*

Between 12:00 p.m. and 1:00 p.m. on January 19, 2009, a patron left his wallet in an unlocked locker at a gym in Santee, California, and his wallet went missing. The patron later found out that at approximately 12:30 p.m. that day, someone had used his funds to make purchases totaling $538.69 at a store located approximately 300 yards from the gym. The gym's records showed Church had arrived at the gym at 11:14 a.m. that day.

Different witnesses identified Church from images taken from video surveillance cameras, and from his body build and attire during the different incidents.

DISCUSSION

I.

Church contends the court abused its discretion and violated his rights to due process and a fair trial under the state and federal Constitutions by failing to sever the counts of robbery from the counts of burglary and receiving stolen property.

4

A. *Background*

Church moved in limine to sever the counts, arguing the burglar had committed crimes of convenience by taking the victims' unattended purses and wallet. By contrast, in the robberies, he conducted advanced planning, viewed the desired jewelry beforehand, returned to the businesses later, and carried out the robberies using a firearm. Defense counsel continued, "If the jury hears about three offenses with a gun and then three offenses where, you know, wallets were taken from purses, it's natural for a jury to be dismissive of the burglary charges and just . . . wrap them up and say, well, if he did the offenses with the gun, he probably did the offenses with the wallets."

The court denied the motion to sever, ruling that all of the charges "involve theft-related conduct, they do occur at or about the same time as the—as one another and at or about the same geographical location, and that there are issues to which they would be under [Evidence Code section 1101, subdivision (b)] admissible under a common scheme or plan, the identity of the defendant and the intent to steal, specific intent in those offenses." The court added, "the period of time that the events are alleged to have occurred in Counts 1 through 7 inclusive began December 22, 2008, and continued through to no later than February 6, 2009, with most of the counts, whether it be burglary, receiving, or robbery, occurring within the month of January of 2009."

B. *Applicable Law*

Under section 954, "An accusatory pleading may charge two or more different offenses connected together in their commission, . . . or two or more different offenses of the same class of crimes or offenses, under separate counts, . . . provided, that the court

5

in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately."

"For purposes of joinder, offenses are deemed to have been 'connected together in their commission' where there was a common element of substantial importance in their commission, even though the offenses charged did not relate to the same transaction and were committed at different times and places and against different victims. [Citations.] Similarly, within the meaning of section 954, offenses are 'of the same class' if they possess common characteristics or attributes." (*Aydelott v. Superior Court* (1970) 7 Cal.App.3d 718, 722; *People v. Lucky* (1988) 45 Cal.3d 259, 276.) The language "connected together in their commission" in section 954 reflects legislative intent for a broad test for joinder of offenses. (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1217-1218.)

In *People v. Soper* (2009) 45 Cal.4th 759 (*Soper*), the California Supreme Court addressed the legal principles relevant to severance of properly joined criminal charges. (*Id*. at pp. 771-772.) In this context, the prosecution is entitled to join offenses, and the burden is on the party seeking severance to clearly establish that there is substantial danger of prejudice requiring that the charges be separately tried. (*Id*. at p. 773.) To establish error in a trial court's ruling declining to sever properly joined charges, the defendant must make a clear showing of prejudice to establish that the trial court abused its discretion, that is, that its ruling falls outside the bounds of reason. (*Id*. at p. 774.)

6

" ' "[A] party seeking severance must make a *stronger* showing of potential prejudice than would be necessary to exclude other-crimes evidence in a severed trial." ' "  (*Ibid*.) In particular, the party must deal with the countervailing considerations of conservation of judicial resources and public funds, considerations that often weigh strongly against severance of properly joined charges.  (*Ibid*.)

In determining whether the trial court abused its discretion under section 954, we consider the record before the trial court when it made its ruling (*Soper*, *supra*, 45 Cal.4th at p. 774), and undertake the following analysis as outlined in *Soper*:  "First, we consider the cross-admissibility of the evidence in hypothetical separate trials.  [Citation.]  If the evidence underlying the charges in question would be cross-admissible, that factor alone is normally sufficient to dispel any suggestion of prejudice and to justify a trial court's refusal to sever properly joined charges.  [Citation.]  Moreover, even if the evidence underlying these charges would *not* be cross-admissible in hypothetical separate trials, that determination would not itself establish prejudice or an abuse of discretion by the trial court in declining to sever properly joined charges."  (*Id*. at pp. 774-775.)  The latter rule is codified in section 954.1.  (*Id*. at p. 775.)

"If we determine that evidence underlying properly joined charges would *not* be cross-admissible, we proceed to consider 'whether the benefits of joinder were sufficiently substantial to outweigh the possible "spill-over" effect of the "other-crimes" evidence on the jury in its consideration of the evidence of defendant's guilt of each set of offenses.'  [Citations.]  In making *that* assessment, we consider three additional factors, any of which—combined with our earlier determination of absence of cross-

7

admissibility—might establish an abuse of the trial court's discretion: (1) whether some of the charges are particularly likely to inflame the jury against the defendant; (2) whether a weak case has been joined with a strong case or another weak case so that the totality of the evidence may alter the outcome as to some or all of the charges; or (3) whether one of the charges (but not another) is a capital offense, or the joinder of the charges converts the matter into a capital case. [Citations.] We then balance the potential for prejudice to the defendant from a joint trial against the countervailing benefits to the state." (*Soper*, *supra*, 45 Cal.4th at p. 775.)

C. *Analysis*

Here, we agree with the trial court's assessment of the issue of cross-admissibility. Church's intent in committing all of the alleged crimes was to deprive the different businesses and individuals of their belongings. Testimony regarding each incident was therefore cross-admissible to prove all of the charges. Contrary to Church's reasoning, the fact he used a gun only while committing the robberies was not dispositive for purposes of severing the charges. His decision not to use a gun during the other crimes may be attributed merely to the fact that the amount of funds he took in those other crimes was relatively small, or those instances provided him with easy opportunities to deceive his victims, as in the case of the two women, or when there was no encounter with the victim, as in the gym incident.

Under the foregoing principles, we conclude Church has not established "a '*clear showing of prejudice* to establish that the trial court *abused its discretion* ' " (*Alcala v. Superior Court*, *supra*, 43 Cal.4th at p. 1220), or that its ruling fell outside the bounds of

8

reason. (*People v. Ramirez* (2006) 39 Cal.4th 398, 439.) The trial court carefully analyzed the issue of severance in light of the relevant law, even severing the attempted escape from prison charge because it was unrelated to the other charges. We find no basis for considering its ruling as whimsical. "Having concluded the trial court correctly determined the issue of cross-admissibility, we need not analyze the other factors described above." (*People v. Bradford* ( 1997) 15 Cal.4th 1229, 1317.)

Although we find the trial court's denial of Church's severance motion proper at the time it was made, "[b]ecause the issue is raised on appeal following trial [and Church asserts he was denied a fair trial by the denial of his severance motion], we must also consider whether 'despite the correctness of the trial court's ruling, a gross unfairness has occurred from the joinder such as to deprive the defendant of a fair trial or due process of law.' " (*People v. Sandoval* (1992) 4 Cal.4th 155, 174.)

On the issue of prejudice, Church asserts conclusorily, and with no citation to the record: "By joining the offenses for trial the prosecution was able to get before the jury a significant amount of inadmissible character evidence that created a real risk that the jury would decide the non-robbery counts based on evidence of the robbery counts, and at least one of the robbery counts based on evidence of the non-robbery counts. The prejudice was heightened by the fact that the jury was never told that they could not use the evidence in one case as evidence of guilt in the other." That assertion fails to prove a constitutional violation. " 'One asserting prejudice has the burden of proving it; a bald assertion of prejudice is not sufficient.' [Citation.] We conclude, therefore, that

9

defendant has failed to show that denial of severance deprived him of a fair trial."
(*Sandoval*, at p. 174.)

## II.

The People concede, and we agree, that as to his fifth prison prior (*People v. Church* (Super. Ct. Orange County, 1993, No. 93HF0071)), the court used the same conviction for imposing both a five-year serious felony enhancement under sections 667, subdivision (a)(1)/668/1192.7, subdivision, (c) and a one-year sentence imposed under sections 667.5, subdivision (b)/668. Under these circumstances, the one-year prison prior must be stricken, not stayed. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1150; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.) Accordingly, we remand the case to the superior court to prepare an amended abstract of judgment.

## III.

Church contends the trial court improperly imposed a $154 booking fee under Government Code section 29550.1 without a determination of his ability to pay. During the pendency of this appeal, the California Supreme Court ruled that "a defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits his challenge to the propriety of venue by not timely challenging it." (*People v. McCullough* (April 22, 2013, S192513) ___ Cal.4th ___ [2013 Cal. Lexis 3330], *19.) Accordingly, Church's claim fails because he failed to challenge the booking fee when it was imposed.

10

DISPOSITION

We strike the one-year enhancement imposed on the fifth prison prior in *People v. Church* (Super. Ct. Orange County, 1993, No. 93HF0071). As so modified, the judgment is affirmed. The matter is remanded and the superior court is directed to prepare an amended abstract of judgment reflecting the modification, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

11