Filed 11/17/23  Vega v. Superior Court CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

ROBERT JAMES VEGA,

     Petitioner,

v.

THE SUPERIOR COURT OF
SOLANO COUNTY,

     Respondent;

THE PEOPLE,

     Real Party in Interest.

A167252

(Solano County
Super. Ct. No. VCR225774)

Petitioner Robert James Vega seeks a writ of mandate or prohibition after respondent superior court, on remand for resentencing, overruled his demurrer to the prosecution's "Statement in Aggravation," which included various circumstances in aggravation taken from California Rules of Court, rule 4.421 (rule 4.421).  Effective January 1, 2022, Senate Bill No. 567 (2020–2021 Reg. Sess.) (Senate Bill 567) amended Penal Code[1] section 1170 by limiting the trial court's ability to impose upper term sentences absent a stipulation by the defendant or a finding of aggravating circumstances beyond a reasonable doubt at trial by a jury.  (§ 1170, subd. (b)(2).)  First,

_____

[1] All further undesignated statutory references are to the Penal Code.

Vega argues that the aggravating factors in rule 4.421, which were not originally designed for use by a jury, are unconstitutionally vague. Second, and only in his reply brief, Vega argues that the Legislature's delegation of authority to the Judicial Council to draft aggravating factors for use by the jury violates the separation of powers. Third, he argues that the trial court erred in denying his section 995 motion for dismissal based on the prosecution's failure to prove the aggravating factors at a preliminary hearing.

We find that only the first of Vega's arguments is properly presented. Vega waived his separation-of-powers challenge by omitting it from his opening brief, and his petition was untimely to the extent it seeks review of the challenge he brought to the sufficiency of the evidence in his motion under section 995. In any event, the latter two arguments would fail on the merits under our recent decision in *Chavez Zepeda v. Superior Court* (Nov. 13, 2023, A166159) __ Cal.App.5th __ [2023 Cal.App. Lexis 867] (*Chavez Zepeda*), in which we concluded that the jury's consideration of the factors in rule 4.421 does not violate the separation of powers, and that aggravating circumstances do not need to be supported by evidence at the preliminary hearing. As to Vega's due process argument, applying the analysis in *Chavez Zepeda,* we conclude that the aggravating circumstances alleged against him are not unconstitutionally vague.

## BACKGROUND

On February 17, 2016, Vega was charged in a felony complaint with one count of murder (§ 187, subd. (a)) with a personal use of a firearm enhancement (§ 12022.53, subd. (d)) and one count of kidnapping (§ 207, subd. (a)). The complaint did not include any factors in aggravation. Vega waived his right to a preliminary hearing on the charges alleged. An

2

information on these same charges was filed.  Vega entered dual pleas of not guilty and not guilty by reason of insanity.  (*People v. Vega* (March 10, 2022, A153620) [nonpub. opn.] at p. 1 (*Vega I*).)[2]  "In a bifurcated trial, the jury acquitted Vega of murder, convicted him of voluntary manslaughter (§ 192, subd. (a)), found the firearm use allegation true, and found Vega was sane at the time of the crime."  (*Vega I,* at p. 2.)  Trial did not proceed as to the kidnapping charge.  (*Id*. at p. 7.)  At sentencing, the trial court imposed the upper term of 11 years for manslaughter and the upper term of 10 years on the firearm use enhancement.  (*Id*. at p. 30.)

Vega appealed his conviction on various grounds, including that he was entitled to resentencing based on Senate Bill 567, which became effective on January 1, 2022.  (*Vega I, supra*, A153620 at p. 36.)  This court agreed and remanded the matter for resentencing in accordance with amended section 1170, subdivision (b).  Vega's conviction was otherwise upheld in all other respects.  (*Id*. at p. 37.)

On remand, the prosecution filed a request to proceed under amended section 1170, subdivision (b).  Specifically, the prosecution requested the opportunity to proceed to trial on the aggravating factors, since section 1170 now requires that aggravating factors be found by a jury beyond a reasonable doubt before the court may impose an upper term.  (§ 1170, subd. (b)(2).)  The prosecution thereafter filed a document titled "Circumstances in Aggravation," which alleged as aggravating factors that:  "the crime involved great violence, . . . or other acts disclosing a high degree of cruelty, viciousness, or callousness" (rule 4.421(a)(1)); Vega "was armed with or used a weapon at the time of the commission of the crime" (rule 4.421(a)(2)); "[t]he

---

[2]  We grant the Attorney General's unopposed request for judicial notice of the record on appeal in *Vega I*.

3

victim was particularly vulnerable" (rule 4.421(a)(3)); Vega "took advantage of a position of trust or confidence to commit the offense" (rule 4.421(a)(11)); Vega "engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1)); and Vega's "prior convictions as an adult . . . are . . . of increasing seriousness" (rule 4.421(b)(2)).

Vega filed a demurrer to these aggravating factors and a request to challenge these factors based on insufficiency of evidence. (§§ 1004, 995.) The demurrer argued that the aggravating factors taken from rule 4.421 are unconstitutionally vague, fail to provide him with adequate notice as to what offenses he is being accused of, and as a result " 'impermissibly delegate[] basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis.' " In its opposition to the demurrer, the prosecution argued that, although rule 4.421's aggravating factors may be " 'somewhat vague or subjective,' " they are not unconstitutionally vague.

Following oral argument, the trial court overruled Vega's demurrer and denied his request to challenge the aggravating factors pursuant to section 995. In response to Vega's vagueness argument, the court stated, "I think [the terms] can be ultimately defined in such a way that the jury can ultimately render a verdict on these." The court proceeded to an arraignment on the aggravating factors. Vega denied the factors on vagueness grounds and requested a jury trial.

Vega filed a petition for writ of mandate or prohibition to direct the respondent court to (1) vacate its order overruling his demurrer and issue a new order sustaining his demurrer and resentencing Vega to either the middle or lower term of imprisonment; and (2) restrain the respondent court from taking any further steps in the underlying criminal proceeding on the circumstances in aggravation. We issued an order for the People to show

4

cause why the relief requested should not be granted.

**DISCUSSION**

### 1. Standard of Review

Vega's motion in the trial court was styled both as a demurrer under section 1004 and as a motion under section 995. Because a demurrer raises an issue of law as to the sufficiency of the accusatory pleading, on appeal we review the order overruling the demurrer de novo. (*People v. Perlas* (2020) 47 Cal.App.5th 826, 832.) "Penal Code section 995 allows a defendant to challenge an information based on the sufficiency of the record made before the magistrate at the preliminary hearing. [Citation.] In reviewing the denial of a Penal Code section 995 motion to set aside an information, we 'in effect disregard[] the ruling of the superior court and directly review[] the determination of the magistrate holding the defendant to answer.' " (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1071–1072.) Where the issue raised in the petition presents a pure question of law, our review is de novo. (*People v. Superior Court* (*Ferguson*) (2005) 132 Cal.App.4th 1525, 1529.)

### 2. Vagueness Challenge

The Attorney General contends that we should reject Vega's vagueness claims on the ground that the void-for-vagueness doctrine does not apply to the aggravating circumstances in rule 4.421. We rejected the same contention in our recent opinion in *Chavez Zepeda* (*Chavez Zepeda, supra,* __ Cal.App.5th __, __–__ [2023 Cal.App. Lexis 867, at *26–*32]), and the Attorney General does not raise any argument that we did not already consider there. Accordingly, we adhere to our resolution of that question in *Chavez Zepeda* without repeating its analysis here.

However, our opinion in that case also rejected arguments that Vega makes here. We held that aggravating circumstances are not rendered

5

unconstitutionally vague by their use of undefined qualitative terms or because they require the jury to determine whether such an aggravating circumstance makes the commission of the offense " 'distinctively worse than the ordinary.' " (*Chavez Zepeda, supra*, __ Cal.App.5th __, __ [2023 Cal.App. Lexis 867, at *38] [quoting *People v. Black* (2007) 41 Cal.4th 799, 817 (*Black*)].) "[I]n general the application of such standards to 'real-world conduct,' as opposed to an imagined 'ordinary case,' does not raise a constitutional concern." (*Id.* at *37.) To survive a vagueness challenge, "[i]t is not . . . necessary that a term be defined by statute, or even that it have a precise dictionary definition." (*People v. Borrelli* (2000) 77 Cal.App.4th 703, 721.) " '[W]here the statute involves some matters of degree as to which individuals and even jurors might reasonably disagree in their judgment, the statute will not for that reason alone be invalidated.' " (*People v. Poulin* (1972) 27 Cal.App.3d 54, 60 (*Poulin*); see *Walker v. Superior Court* (1988) 47 Cal.3d 112, 142.) And as we also noted in *Chavez Zepeda*, "[i]mprecise standards can be fleshed out by judicial construction," as many of the factors in rule 4.421 already have been. (*Chavez Zepeda, supra*, at p. __ [2023 Cal.App. Lexis 867 at *37].)

Vega complains that vague language in rule 4.421 is especially problematic "because there is no uniform jury instruction for allegations of circumstances in aggravation." However, by the time the Attorney General filed his return—and as he pointed out in that document—the Judicial Council had prepared draft jury instructions for 11 aggravating factors. (CALCRIM Nos. 3224–3234.) Vega did not address those instructions, which have since been adopted, in his reply. Those instructions supply additional guidance to the jury, but because the parties have made no substantive arguments about them, we do not further consider them here. We address

6

below additional arguments Vega raises concerning specific aggravating circumstances that go beyond the points we have already discussed.

### A. "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (rule 4.421(a)(1))

Pointing to *United States v. Davis* (2019) 139 S.Ct. 2319 (*Davis*), Vega argues that the United States Supreme Court has already held that the term "violent crime" is unconstitutionally vague, even when defined as conduct that presents a serious risk of injury. As we explained in *Chavez Zepeda*, however, due process requires greater precision when the relevant finding *requires* the court to impose a greater sentence—which was the case in *Davis*—than when the jury's finding merely authorizes it to do so. (*Chavez Zepeda, supra*, __ Cal.App.5th __, __ [2023 Cal.App. Lexis 867 at *33; see *Davis*, at p. 2324.) Moreover, *Davis* was premised on the "categorical" approach to determining whether a crime satisfies the definition, which we likewise distinguished from the approach to aggravating circumstances under California law. (*Chavez Zepeda, supra*, at pp. __–__ [2023 Cal.App. Lexis 867 at *38–*42]; *see Davis*, at pp. 2327–2332.) Accordingly, we do not find that *Davis* establishes that this factor is unconstitutionally vague.

Vega also argues that the aggravating circumstance is unconstitutionally vague because some offenses require violence resulting in "great" bodily injury and rule 4.421(a)(1) "fails to explain to the defendant or jury when conduct that is normally part of such offenses rises to the level of an 'aggravating circumstance.' " Vega, however, has not been charged with an offense that uses the word "great" in its elements. Moreover, while we agree with Vega that this aggravating circumstance requires violence, cruelty, viciousness, or callousness that goes beyond what is inherent in the commission of the offense, we explained in *Chavez Zepeda* why that

7

requirement is not unconstitutionally vague. (*Chavez Zepeda, supra,* __ Cal.App.5th __, __–__ [2023 Cal.App. Lexis 867 at \*38–\*43].) While we had no occasion to reach the question whether the CALCRIM jury instruction on that factor satisfies due process requirements (*id.* at \*42, fn. 6), we likewise have no occasion to do so here.

### B. "The victim was particularly vulnerable" (rule 4.421(a)(3))

Vega does not offer any arguments with respect to this factor that differ from those we have discussed above. " '[A] "particularly vulnerable" victim is one who is vulnerable "in a special or unusual degree, to an extent greater than in other cases." ' " (*People v. Esquibel* (2008) 166 Cal.App.4th 539, 558.) " ' "Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act." ' " (*People v. DeHoyos* (2013) 57 Cal.4th 79, 154.) Courts have already held that this factor is not unconstitutionally vague. (*People v. Ramos* (1980) 106 Cal.App.3d 591, 606–608, disapproved on other grounds in *People v. Scott* (1994) 9 Cal.4th 331, 352, fn. 16; *People v. Smith* (1979) 94 Cal.App.3d 433, 436.)

### C. "The defendant took advantage of a position of trust or confidence to commit the offense" (rule 4.421(a)(11))

Beyond arguing that this factor is unconstitutionally vague because it does not define its terms, Vega raises a number of hypothetical questions about its application or meaning in specific contexts, such as child abuse and employment relationships. We need not consider those questions because those contexts are not relevant here. Vega offers no specific arguments to show that this factor is unconstitutionally vague as applied to the conduct with which he is charged.

## D. "The defendant has engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1))

Vega contends that this factor is vague because it "fails to explain when an offense that *ordinarily* involves violence will be aggravated by this enhancement." However, California Rules of Court, rule 4.420(h) provides that "[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term." Thus, this aggravating factor requires violent conduct that goes beyond what is necessary to satisfy the elements of the offense; it does not apply simply by virtue of the defendant having committed the crime. Moreover, because this factor is placed under subdivision (b), "factors relating to the defendant," rather than under subdivision (a), "factors relating to the crime," it may encompass conduct that is not related to the crime of which the defendant was convicted. The finder of fact must have a basis to conclude that the nature of the defendant's violent conduct, beyond that necessary to satisfy the elements of the offense, indicates that the defendant poses a serious danger to society. Understood in this light, we do not find the factor unconstitutionally vague.[3]

---

[3] The Attorney General does not directly respond to the concern Vega raises, but argues that the factor applies to Vega because he shot the victim "eight times, killing him." The Attorney General cites *People v. Leon* (2010) 181 Cal.App.4th 452, for the proposition that this circumstance "is present when a defendant fires a single gunshot at a rival gang member in a car, killing him." The court in *Leon* did point to this aggravating circumstance as one of several the trial court properly considered in deciding to impose consecutive sentences, but the defendant's argument was that the sentence on his attempted murder conviction should have been concurrent because "the murder and attempted murder convictions involved a single act rather than separate acts of violence." (*Id.* at p. 468.) In the absence of a contested issue about the meaning or applicability of this factor, the opinion is questionable authority for the proposition the Attorney General attributes to

9

Vega also complains that the lack of a definition for the word "serious" leaves it uncertain where the threshold lies, and that it is unclear whether the phrase "danger to society" implies that any harm must be to a large group of people or whether harm to one or two individuals would suffice. In our view, jurors are capable of applying the word "serious" in accordance with its ordinary meaning, and the fact that it " 'involves some matters of degree as to which . . . jurors might reasonably disagree in their judgment' " (*Poulin, supra,* 27 Cal.App.3d at p. 60) is not a reason to invalidate it. And we do not find it reasonable to construe the word "society" in the phrase "danger to society" to mean that any harm inflicted by the defendant's future conduct must be to a group of people large enough to constitute "society." Understood in context, this aggravating circumstance asks whether the defendant's violent conduct indicates that the defendant poses a serious danger to people in the community, or in other words, to public safety. (Cf. *In re Dannenberg* (2005) 34 Cal.4th 1061, 1080 [in parole suitability decisions, the Legislature made " ' "a consideration of the public safety" ' " the fundamental criterion, in which the panel of the Parole Board determines whether " 'the prisoner would pose an unreasonable risk of danger to society if released' "].)

### E. "The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" (rule 4.421(b)(2))

According to Vega, this aggravating circumstance is unconstitutionally vague because the word "numerous" and the phrase "of increasing seriousness" are undefined. However, the meaning of these terms has been addressed in various cases. (See, e.g., *People v. Searle* (1989) 213 Cal.App.3d

---

it. (See *Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1252.) In any event, we do not decide here whether this factor (or any other factor) is warranted by the evidence.

10

1091, 1098 [three DUI convictions within 11 months may be considered "numerous"]; *People v. Falcon* (2023) 92 Cal.App.5th 911, 953, review granted Sept. 13, 2023, S281242 [one or two prior convictions does not satisfy "numerous" requirement]; *Black*, *supra*, 41 Cal. 4th at p. 820 [relative seriousness can be determined "by reference to the range of punishment provided by statute for each offense"].)

Accordingly, Vega has not established that the aggravating circumstances alleged against him are unconstitutionally vague.

### 3. Section 995 Motion

To the extent Vega seeks review of the trial court's denial of his challenge to the sufficiency of the evidence under section 995, we agree with the Attorney General that his petition is untimely. Such a challenge must be brought by writ of prohibition within 15 days after the denial of the section 995 motion. (§ 999a; *Penney v. Superior Court* (1972) 28 Cal.App.3d 941, 944 ["the time limitation" in section 999a "applies only to a petition for a writ of prohibition predicated upon the ground that the indictment [or information] was found without reasonable or probable cause"].) Here, the trial court denied Vega's section 995 challenge to the sufficiency of the evidence on February 6, 2023, and Vega did not file his petition until February 23, 2023, 17 days later. (*Aydelott v. Superior Court* (1970) 7 Cal.App.3d 718, 721 ["petition for prohibition not filed within the 15 days must be denied"].) Moreover, in *Chavez Zepeda*, we held that aggravating circumstances do not need to be supported by evidence at the preliminary hearing. (*Chavez Zepeda, supra*, __ Cal.App.5th __, __–__ [2023 Cal.App. Lexis 867 at *44–*53.) Accordingly, we would reject Vega's challenge even if it had been timely presented.

11

### 4. *Separation of Powers*

In his reply brief, Vega did not respond to any of the arguments the Attorney General raised in the return to the petition. Instead, Vega offered an entirely new argument that the jury's use of the non-statutory aggravating circumstances in rule 4.421 violates the separation of powers. We generally will not consider a new argument raised for the first time in a reply brief, unless good reason is shown for the failure to present it earlier. (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1232.) Vega does not address his failure to present the argument in his opening brief. Even if we were to reach the argument, we would reject it for the reasons stated in *Chavez Zepeda*. (*Chavez Zepeda, supra*, __ Cal.App.5th __, __–__ [2023 Cal.App. Lexis 867 at *10–*24].)

### DISPOSITION

The petition is denied.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

12