[S. F. No. 16048. In Bank.—October 13, 1938.]

FRANK SILVERMAN et al., Respondents, v. CHARLES GREENBERG, Appellant.

William F. Herron for Appellant.

Marcel E. Cerf, Robinson & Leland for Respondents.

WASTE, C. J.—This action was. brought by plaintiffs in the superior court. The complaint contained four counts. The first count alleged that plaintiffs delivered $700 to defendant Charles Greenberg, which money he was to use for the purpose of purchasing certain real property for them; that, however, after accepting and receiving the $700 for that purpose, he purchased the property in his own name and converted the $700 to his own use and benefit; that plaintiffs demanded a return of the money but no part thereof has been returned or paid. The second count alleged that plaintiffs had demanded a deed by defendant to them of the property but defendant had refused to comply with the demand and purported to retain ownership of the property in his own name and right. The third count was in the form of an action to quiet title to the property. The fourth count alleged defendant's indebtedness to plaintiffs in the sum of $700, money had and received by him for their use and benefit. The prayer of the pleading was for judgment against defendant in the sum of $700; or in the alternative that plaintiffs' ownership and right to possession of the property be decreed; that defendant be adjudged to have no right or interest therein and be ordered to execute and deliver a deed to plaintiffs, or in event of failure so to do, that the court authorize execution of such a deed; and that plaintiffs have costs of suit and general relief.

After issue joined by the answer and cross-complaint of defendant, the cause went to trial. The court found that of the $700 delivered by plaintiffs to defendant to be applied on the purchase price of the real property, defendant had converted $600 to his own use and benefit. The court further found that plaintiffs were not the owners of or entitled to possession of the property but that defendant was the owner and entitled to possession thereof. A judgment was entered accordingly in favor of plaintiffs and against defendant in

the sum of $600 and interest, with a decree quieting title to the property in defendant. From this judgment defendant appealed on the judgment roll alone. Plaintiffs now move to dismiss the appeal or affirm the judgment.

■ Appellant's sole contention is that the superior court was without jurisdiction to render the judgment for the reason that the counts of the complaint on which judgment was entered for plaintiffs each stated causes of action within the exclusive jurisdiction of the municipal court. In other words, appellant urges that when plaintiffs failed to establish their right to equitable relief, the equitable character of the action was lost, and it became simply a case at law wherein the demand exclusive of interest was less than $2,000, such case being within the jurisdiction of the municipal court. (Sec. 89a, Code Civ. Proc.)

This position cannot be sustained. The test of the jurisdiction of a court is to be found in the nature of the case as made by the complaint and the relief sought, and the fact that a plaintiff does not succeed in establishing all that he claims does not oust the court of its jurisdiction to give judgment for so much as is established. (*Becker* v. *Superior Court,* 151 Cal. 313 [90 Pac. 689] ; *Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75] ; *Cook* v. *Winklepleck,* 16 Cal. App. (2d) (Supp.) 759, 763 [59 Pac. (2d) 463].)

■ In the present case plaintiffs' demand was for substantial legal and also for substantial equitable relief. By their complaint they sought to secure either a return of their money or a decree determining their title, ownership, and right to possession of the real property. The allegations of the pleading and the relief sought established the character of the action. The fact that it was substantially of an equitable as well as of a legal nature invested the superior court with jurisdiction to hear and determine the entire cause, and that jurisdiction was not divested by the subsequent denial of equitable relief. ■ The court of equity having once obtained jurisdiction, properly retained the case and decided the whole controversy between the parties. For a complete discussion of this subject see *Becker* v. *Superior Court, supra;* also *Cook* v. *Winklepleck, supra,* and cases there cited.

The judgment is affirmed.

Curtis, J., Shenk, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.