Filed 7/2/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re V.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C071156 |
| Plaintiff and Respondent, | (Super. Ct. No. JV133312) |
| v. | |
| V.C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Sacramento County, Robert M. Twiss, Judge.  Affirmed.

Roshni Mehta, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Michael A. Canzoneri and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

Following a motor vehicle collision caused by the minor in which another suffered property damage, a petition was filed in the Sacramento County Juvenile Court alleging

1

minor V.C., age 15, operated a motor vehicle without a valid driver's license (Veh. Code, § 12500, subd. (a); count one), a misdemeanor; and drove at an unsafe speed (Veh. Code, § 22350; count two), an infraction. Following a contested jurisdictional hearing, the prosecution made a motion to dismiss count one for insufficient evidence. The court granted the motion and found count two to be true beyond a reasonable doubt.

Two days later, the minor made a written a motion to dismiss the case for lack of jurisdiction. The next day, the juvenile court denied the motion and found the minor was described within the meaning of Welfare and Institutions Code section 602.[1] The minor was placed on court probation for six months, ordered to participate in community service, and ordered to make restitution to the victim for property damage in an amount to be determined.

On appeal, the minor contends his motion to dismiss was erroneously denied because the juvenile court's dismissal of count one stripped the court of jurisdiction over count two. We affirm.

FACTS[2]

The minor was driving a black Acura southbound on 88th Street near Fruitridge Road at an unsafe speed. He lost control of the car and ran into the trailer portion of an Allied Van Lines big rig. The car came to rest up against a tree. The minor's car had major damage. The Allied trailer sustained damage to the right side. The minor did not provide a driver's license or proof of insurance.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Our statement of facts is taken from the probation department's report and recommendations and the testimony at the jurisdictional hearing. The facts are not at issue in this appeal.

DISCUSSION

The minor contends the juvenile court erred when it denied his motion to dismiss the case for lack of jurisdiction. He reasons that, following dismissal of the count one misdemeanor allegation, section 603.5 required the court to transfer the count two infraction to the superior court because the juvenile court no longer had jurisdiction. We are not persuaded.

Section 603.5, subdivision (a) provides: "Notwithstanding any other provision of law, in a county that adopts the provisions of this section, jurisdiction over the case of a minor alleged to have committed only a violation of the Vehicle Code classified as an infraction or a violation of a local ordinance involving the driving, parking, or operation of a motor vehicle, is with the superior court, except that the court may refer to the juvenile court for adjudication, cases involving a minor who has been adjudicated a ward of the juvenile court, or who has other matters pending in the juvenile court."

The minor contends section 603.5 has an "unmistakable plain meaning," and there is "no need to look outside the ordinary meaning of the word 'alleged.' " (See, e.g., *Green v. State of California* (2007) 42 Cal.4th 254, 260.) He claims the "plain meaning" is that, once the misdemeanor was dismissed, the only matter still "alleged" before the court was the infraction.

The minor's argument disregards the statute's ambiguity with respect to timing, specifically, whether it operates only upon the *filing* of cases in court, or whether it also governs the *retention* of cases after they have been filed. When it filed this case, the prosecution alleged *both* a misdemeanor *and* an infraction. There is no contention section 603.5 deprived the juvenile court of jurisdiction at the time of filing. The only issue is whether the statute prohibited the case from being *retained* in juvenile court *after* the misdemeanor was dismissed. The plain meaning rule provides no answer to this question of statutory interpretation.

3

The People rely on section 603.5's provision that the superior court "may refer to the juvenile court for adjudication, cases involving a minor . . . who has other matters pending in the juvenile court."  But here, the count one misdemeanor was not an "other matter[] pending in juvenile court" for two reasons:  it had been alleged in this case, not another case; and it no longer was pending at the time of the minor's motion to dismiss. In any event, this case had never been before the superior court, as opposed to the juvenile court; and the superior court never had discretion to refer it to another court.

The People also rely on this court's opinion in *People v. Self* (1998) 63 Cal.App.4th 58 (*Self*).  *Self* considered section 707, subdivision (d)(4), which provides in relevant part:  "In any case in which the district attorney or other appropriate prosecuting officer has filed an accusatory pleading against a minor in a court of criminal jurisdiction pursuant to this subdivision, *the case shall then proceed according to the laws applicable to a criminal case. . . .*"  (Italics added.)  *Self* also considered section 707.1, subdivision (a), which provides in relevant part:  "If the minor is declared not a fit and proper subject to be dealt with under the juvenile court law, . . . the district attorney . . . may file an accusatory pleading against the minor in a court of criminal jurisdiction.  *The case shall proceed from that point according to the laws applicable to a criminal case.*"  (Italics added.)  *Self* held the superior court properly denied the minor's motion to return the case to the juvenile court after the predicate offense (attempted murder) was not proven, because the two foregoing provisions "clearly and unambiguously provide that cases such as this one are fully and finally governed by criminal law."  (*Self, supra*, 63 Cal.App.4th at p. 62.)  *Self* is of little help to the People because section 603.5 does not include a provision comparable to sections 707, subdivision (d)(4), and 707.1, subdivision (a).

Because the plain language of section 603.5 does not resolve the minor's contention, we next consider the statute's legislative history and evident purpose.  (*Dyna-*

*Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal. 3d 1379, 1386-1387 (*Dyna-Med*).)[3]

Section 603.5 was added by 1980 legislation that also amended Vehicle Code section 40502, which governs the place to be specified in a notice to appear. (Stats. 1980, ch. 1299, §§ 3, 4, pp. 4390-4391; see Veh. Code, § 40500.) Vehicle Code section 40502 provides that, in counties that have adopted section 603.5, the notice to appear may require appearance before a magistrate or judge, or person authorized to receive a deposit of bail*; but,* "if the citation combines an infraction and a misdemeanor, the place specified shall be" *the juvenile court.* Thus, a commentator has observed, "the juvenile court retains jurisdiction of any case in which an infraction was joined with a misdemeanor." (10 Witkin, Summary of Cal. Law (10th ed. 2005) Parent & Child, § 479, p. 590.)

The legislation that enacted section 603.5 did not address whether a case should be retained in juvenile court if, as happened here, the misdemeanor is dismissed and only the infraction goes forward. The statute has been amended six times since its enactment, but none of the amendments purport to address that issue. (Stats. 1993, ch. 1151, § 1, p. 6525; Stats. 1994, ch. 478, § 1, p. 2626; Stats. 1996, ch. 93, § 1, p. 413; Stats. 1998, ch. 931, § 471, p. 6685; Stats. 2001, ch. 824, § 38, p. 6736; Stats. 2008, ch. 56, § 11.)

Another commentator has addressed section 603.5 at some length. "In counties that have adopted the provisions of Welf. & Inst. Code § 603.5, jurisdiction over a minor alleged to have committed only an infraction under the Vehicle Code or a violation of a local ordinance involving driving, parking, or operating a motor vehicle, lies with the [superior] court [Welf. & Inst. Code § 603.5(a)]. The [superior] court may refer to the

---

**3** We granted the minor's request to take judicial notice of the Assembly Committee on Criminal Justice Analysis of Assembly Bill No. 2744 (1980-1981 Reg. Sess.) (as amended Apr. 7, 1980). (Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

juvenile court any case involving a minor who has been adjudicated a ward of the juvenile court, or who has other matters pending in the juvenile court [Welf. & Inst. Code § 603.5(a)]. An alleged violation of Veh. Code § 40508(a) or (b) (written promise to appear or promise to pay fine) may be referred to the juvenile court for adjudication [Welf. & Inst. Code § 603.5(a)].

"Juvenile court law and procedures do not apply to proceedings arising from Vehicle Code infractions in counties that have adopted this section [Welf. & Inst. Code § 603.5(b)]. Provisions controlling the confidentiality of hearings and access to records are expressly inapplicable when the juvenile's case is being handled in [superior] court [Welf. & Inst. Code § 603.5(c)]. As with similarly situated adult traffic matters, minors may now resolve most traffic infractions by a bail forfeiture in lieu of a court appearance [Welf. & Inst. Code § 603.5(c)]." (Seiser & Kumli, Cal. Juvenile Courts Practice & Procedure (2013) § 3.20[5], p. 3-36, original brackets.)

As the Assembly Bill Analysis suggests, the evident purpose for the shift from juvenile court to superior court is a perceived cost savings related to the superior court procedure. The cost savings is most readily apparent from the fact most infractions are now resolved by bail forfeiture rather than by court appearance. (§ 603.5, subd. (c).) Additional cost savings is also apparent in the provisions exempting the matters from confidentiality, restricted disclosure of records, and restricted attendance by the public. (*Ibid*.)

"A ' " 'judgment or order of the lower court is *presumed correct*[, and a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " [Citation.]' " (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499, original italics.) As appellant, the minor has the burden of showing affirmatively that *some* legislative purpose underlying the ambiguous section 603.5, whether cost savings or otherwise, would have been served by *first* requiring the juvenile court to dismiss this action and *then* requiring the prosecution to bring a new

6

action on the infraction alone in the superior court. (*Ibid*.) The minor has not done so. Nor is it apparent that the dismissal and refiling would have conserved, as opposed to wasted, scarce judicial resources.

The minor has not attempted to show how his case could have been resolved through section 603.5's cost savings mechanism of bail forfeiture, which would not have allowed litigation of the issue of restitution to the victim whose trailer had been damaged by the minor's driving at an unsafe speed. There is no indication the Legislature intended bail forfeiture to be used where victim restitution is an outstanding issue. In any event, that is unlikely, because the right to restitution is a mandatory, constitutional right. (Cal. Const., art. I, § 28, subd. (b)(13).)

"A statute should be construed whenever possible so as to preserve its constitutionality. [Citations.]" (*Dyna-Med, supra*, 43 Cal.3d at p. 1387.) Our construction of the 1980 legislation avoids a potential conflict with the later enacted constitutional right to victim restitution.

We next consider historical practice in the criminal and civil contexts, which we find to be broadly illustrative of the proper construction of section 603.5. (See *People v. Cornett* (2012) 53 Cal.4th 1261, 1269.)

In *People v. Brown* (1970) 10 Cal.App.3d 169 (*Brown*), which was decided prior to unification of the municipal and superior courts, an information accused the defendant of a felony (burglary) and a misdemeanor (contributing to the delinquency of her two minor daughters). (*Id*. at p. 171.) The jury deadlocked on the burglary charge but found the defendant guilty of contributing to her daughters' delinquency. She was sentenced to county jail and fined. (*Ibid*.) On appeal, the defendant acknowledged her misdemeanor conviction would have been proper had she also been convicted of the felony. (*Id*. at p. 173.) But she claimed the "superior court was without jurisdiction to convict" her of the misdemeanor because "its jurisdiction depended upon that offense being connected in its commission with a burglary which the jury did not find had occurred." (*Ibid*.) *Brown*

rejected the contention, explaining, "Jurisdiction, in the sense here under consideration, has the same meaning in both civil and criminal cases. It relates to the fundamental power of the court to hear and determine the case before it. [Citations.] Once a court acquires jurisdiction of a cause, it retains it until the matter is disposed of. [Citation.] Jurisdiction to hear and determine a case cannot be made to depend upon its outcome." (*Id*. at p. 175; see *People v. Leney* (1989) 213 Cal.App.3d 265, 268.)[4]

In *Silverman v. Greenberg* (1938) 12 Cal.2d 252 the plaintiffs filed a four-count complaint alleging they had given the defendant $700 to buy land for the plaintiffs, but the defendant instead used their $700 to buy the land for himself. The complaint's first three counts sought equitable relief, and the fourth count sought a money judgment for $700. (*Id*. at p. 253.) The trial court found that the defendant owned the land, but he had converted $600 of the plaintiffs' $700 to his own use. Equitable relief was denied, but a $600 money judgment was entered for the plaintiffs. (*Id*. at pp. 253-254.) On appeal, the defendant's sole contention was that, because the plaintiffs had failed to establish their right to equitable relief, the equitable character of the action was lost, and the case became an action at law where the demand was less than $2,000, such case being within the jurisdiction of the municipal court. (*Id*. at p. 254.) *Silverman* rejected the contention, explaining, "The test of the jurisdiction of a court is to be found in the nature of the case as made by the complaint and the relief sought, and the fact that a plaintiff does not

---

**4**     *Brown* remarked: "Perhaps the fallacy of appellant's argument is best demonstrated by placing the case in a slightly different context. If the jury had been unable to reach a verdict on the felony, and had it acquitted appellant of the misdemeanor, could the People successfully contend the acquittal was of no force and effect, because jurisdiction was lost when the jury failed to convict on the felony charge? The answer is obviously no. Appellant is in no better position when she makes the reverse argument." (*Brown, supra,* 10 Cal.App.3d at p. 175.)

In this case, the minor does not make the absurd claim that the People could have retried him on the infraction had the juvenile court found the evidence of speeding to be insufficient. The minor's reverse argument fares no better.

8

succeed in establishing all that he claims does not oust the court of its jurisdiction to give judgment for so much as is established.  [Citations.]"  (*Ibid*.)

Further guidance is offered by current practice in the appellate context.  A defendant is " 'charged with a felony' within the meaning of [Penal Code] section 691 [when] an information or indictment is filed, or a complaint is certified to the superior court pursuant to [Penal Code] section 859a.  (See [Pen. Code,] § 949.)"  (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 38.)  " '[I]f that document charged the defendant with at least one count of felony (as defined in Pen. Code, § 17(a)), the Court of Appeal has appellate jurisdiction and the appeal must be taken under this rule even if the prosecution did not result in a punishment of imprisonment in a state prison.'  (Italics omitted.)"  (*People v. Nickerson, supra,* 128 Cal.App.3d at p. 37.)  Analogous to the foregoing examples, the *outcome of the case* does not affect the court to which the matter is appealed.

For all the foregoing reasons, we conclude section 603.5 refers to the state of the pleadings at the time the initial petition is filed in juvenile court.  Thus, the minor has not affirmatively shown error on appeal.

### DISPOSITION

The order of the juvenile court is affirmed.


      NICHOLSON    , J.


We concur:



      RAYE     , P. J.



      HULL     , J.