Filed 11/26/13  P. v. Perkins CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056063 |
| v. | (Super.Ct.Nos. SWF1102014, SWF1103027 & SWF1200109) |
| CLAYTON OMAR PERKINS, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant Clayton Omar Perkins appeals from judgment entered following 12 jury convictions in three consolidated cases for crimes that included possession of methamphetamine for sale (Health & Saf. Code, § 11378; counts 1 and 11); resisting a peace officer (Pen. Code,[1] § 148, subd. (a)(1); counts 2, 9, and 12); being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a); count 3); burglary (§ 459; counts 4 and 10); receiving stolen property (§ 496, subd. (a); count 8); and grand theft of three firearms (§ 487, subd. (d)(2); counts 5, 6, and 7). Defendant admitted a prison prior, a serious felony prior, and a strike prior (§§ 667.5, subd. (b), 667, subds. (a), (c) & (e), 1170.12, subd. (c)(1)). The trial court sentenced defendant to an aggregate prison term of 20 years 8 months.

Defendant contends the trial court abused its discretion by denying his motion to sever counts in consolidated case No. SWF1103027, and by granting the prosecution's motion to consolidate case Nos. SWF1103027 and SWF1102014, and then consolidate master file case Nos. SWF1102014 with SWF1200109. Defendant also argues the trial court abused its discretion in admitting evidence of a prior uncharged burglary offense. Defendant further asserts that, even if the trial court's rulings were proper when made, the judgment should be reversed because the aggregate resulted in gross unfairness and denial of due process of law. We reject defendant's contentions and affirm the judgment.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

FACTS

*A.  Possession of Methamphetamine for Sale on July 21, 2011* (counts 1-3; case No. SWF1102014)

On July 21, 2011, sheriff's deputies King and Green attempted to serve an arrest warrant on defendant at a Motel 6 in Hemet.  Green saw defendant riding a bicycle near the motel's pool.  Green yelled at him, "Stop.  Police."  Defendant cycled toward the Hampton Inn, across the street from Motel 6, as King followed him in an unmarked patrol car.  Upon driving up the Hampton Inn driveway, King activated his cruiser lights and siren.  King saw defendant running along the top of a four foot high wall.  King got out of the car and pursued defendant on foot.  King tackled defendant in a nearby field.  Despite defendant's resistance and refusal to cooperate, King and Deputy Ramirez eventually handcuffed defendant.  Upon searching defendant, deputies found four baggies containing over two grams of methamphetamine, one baggie containing methamphetamine residue, and $480 in cash in defendant's pocket.  Defendant was under the influence of methamphetamine when apprehended.

*B.  Burglary on September 11, 2011* (counts 4-7; case No. SWF1200109)

On September 11, 2011, Melissa Snow and David Snow returned home from church to discover their home in Hemet had been burglarized.  Defendant had taken two pillowcases and had stolen three handguns, jewelry, cash, a laptop computer, and other electronic equipment.  Fingerprint evidence taken from the scene of the burglary matched

defendant's fingerprints in the Automated Fingerprint Identification System and fingerprints obtained directly from defendant.

*C. Burglary on October 26, 2011* (uncharged offense)

Upon returning home on October 26, 2011, Christi Lee found her home in Hemet ransacked. All but one of her husband's 25 tin containers, filled with his coin collection, had been emptied. The total value of the coins was estimated to be between $12,000 and $15,000. Also missing were a nine-millimeter handgun, a Tiffany box containing jewelry, a laptop computer, a Kohl's gift card, a K-Mart rewards card, credit cards, and a black backpack containing paperwork with the Lees's bank account passwords. Defendant's fingerprints were found on several of the tins and on a medicine cabinet.

*D. Possession of Stolen Property on October 28, 2011* (counts 8 and 9; case No. SWF1103027)

During the early morning hours of October 28, 2011, sheriff's deputies Ramirez and Green encountered defendant's friend, Ricky Newton, who said he was going to pick up defendant. Defendant had a felony warrant out for his arrest. Ramirez and Green surreptitiously followed Newton. After losing sight of Newton's car for about five minutes, Ramirez and Green again spotted Newton's vehicle and followed it. Defendant was sitting in the front passenger seat. Ramirez activated his vehicle's flashing lights and siren. Newton pulled over. Defendant exited the car, carrying a black backpack. Defendant dropped the backpack and ran away, jumping a fence. Ramirez and Green were wearing vests with "Police" written in large letters on the vests. They both told defendant, "Stop. Police." Defendant ignored the officers and disappeared over a tall

4

fence. The deputies did not chase defendant beyond the fence. Their search for him in the area was unsuccessful.

The backpack contained jewelry, a laptop, electronic items, credit cards, and miscellaneous papers. One of the credit cards had written on it, "Christi Lee, Quality Auto Repair." Ramirez located the Lees at their business, Quality Auto Repair, in Hemet. Later on October 28, 2011, Ramirez met with the Lees at the police station and showed them the items found in the backpack.

*E. Burglary on November 1, 2011* (uncharged offense)

On November 1, 2011, around 3:00 p.m., Joann Lee[2] returned home to discover her home had been ransacked. A pillowcase, jewelry, and her laptop computer were missing. Defendant's fingerprints were found on a window screen in Lee's master bedroom.

*F. Burglary on November 30, 2011* (count 10; case No. SWF1103027)

On November 30, 2011, Jaime Madrigal and his wife returned home around 3:00 p.m., to find their home had been ransacked. A laptop, camcorder, jewelry, and a pillow case were missing. Madrigal's security camera captured a video recording of the burglar. The burglar was wearing a blue Dodgers baseball cap. Criminalist Bradley Riesland testified that he reviewed the video recording and identified defendant as the burglar depicted in the video. The video showed defendant approach the Madrigal residence on a bicycle, get off his bicycle, and walk around the side of the house.

---

[2] Joan Lee is not related to Christi and Kelly Lee.

5

*G. Possession of Methamphetamine for Sale on December 2, 2011* (counts 11-12; case

No. SWF1103027)

On December 2, 2011, Deputies Green, Ramirez, and Lozano spotted defendant

while conducting a surveillance in Hemet, in an attempt to apprehend defendant on an

active arrest warrant. When defendant saw the deputies, he ran away. Defendant was

wearing a blue Dodgers baseball cap. Lozano yelled, "Police, get on the ground."

Defendant kept running. When he got to a wall, he scaled it and disappeared over the

wall and ran through a backyard. Deputies apprehended defendant about a quarter mile

from where they first came in contact with him. Deputy Green searched the backyard

defendant had traversed and found a plastic bag containing almost 14 grams of

methamphetamine. Green also found defendant's Dodgers baseball cap in the middle of

the street, where defendant had passed as he ran from the deputies. Defendant was

arrested later that night at a nearby apartment complex. Deputy Rohn testified that in his

opinion the methamphetamine found in the backyard was possessed with the intent to sell

it.

III

MOTION TO SEVER

Defendant contends the trial court abused its discretion in denying his motion to

sever counts 2 and 3 from counts 1, 4, and 5 of the information in case No. SWF1103027

(counts 8-12 of the SAC). In the information, defendant was charged with the following

offenses:

6

Count 1 - December 2, 2011; possession of methamphetamine for sale (Health & Saf. Code, § 11378)

Count 2 - November 30, 2011; residential burglary (§ 459)

Count 3 - October 28, 2011; receiving stolen property (§ 496, subd. (a))

Count 4 - December 2, 2011; resisting a peace officer (§ 148, subd. (a)(1))

Count 5 - December 2, 2011; resisting a peace officer (§ 148, subd. (a)(1))

Defendant filed a motion to sever counts 2 and 3 from counts 1, 4, and 5 on the grounds a joint trial on all the counts would be prejudicial and violate defendant's Constitutional rights to due process and a fair trial. The People opposed the motion to sever, and the trial court denied the motion.

Section 954 broadly "'permits the joinder of different offenses not related to the same transaction or event "*if there is a common element of substantial importance in their commission*, for the joinder prevents repetition of evidence and saves time and expense to the state as well as to the defendant."' [Citations.] Moreover, . . . the requirement of section 954 that offenses be 'connected together in their commission' may be satisfied even though '*the offenses charged "do not relate to the same transaction and were committed at different times and places . . . against different victims."*' [Citations.]" (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1218.) We review a trial court's decision to deny a motion to sever for abuse of discretion. (*People v. Thomas* (2012) 53 Cal.4th 771, 799 (*Thomas*).)

"'In determining whether a trial court abused its discretion under section 954 in declining to sever properly joined charges, "we consider the record before the trial court

7

when it made its ruling.'" [Citations.]" (*Thomas, supra,* 53 Cal.4th at p. 798.) "We consider first whether the evidence of the two sets of offenses would have been cross-admissible if the offenses had been separately tried. [Citation.] If the evidence would have been cross-admissible, then joinder of the charges was not prejudicial." (*Ibid.*) "[C]omplete (or so-called two-way) cross-admissibility is not required." (*Alcala v. Superior Court, supra,* 43 Cal.4th at p. 1221.) "'"The burden is on the party seeking severance to clearly establish that there is a substantial danger of prejudice requiring that the charges be separately tried." [Citation.]'" (*People v. Bradford* (1997) 15 Cal.4th 1229, 1315.)

Defendant argues that the trial court relied on incorrect facts when it denied his motion for severance. Defendant asserts that the prosecution incorrectly stated in its opposition to defendant's motion to sever and during oral argument that the two offenses of resisting a peace officer, counts 4 and 5, were on two different days, October 28, 2011, and December 2, 2011. The prosecutor also argued during the hearing on the motion to sever that the two separate instances of resisting a peace officer refuted defendant's mistake defense by showing he knew he was resisting a peace officer because he had done it before.

Defendant asserts that, because the information alleges counts 4 and 5 both occurred on the same day, on December 2, 2011, his act of running from the police on only one occasion did not refute the defense that he mistakenly fled. But the record shows that evidence during the preliminary hearing established that defendant fled from law enforcement on both October 28, 2011, and December 2, 2011. It is apparent from

8

the record that the original information allegations that the two counts of resisting an officer, both on December 2, 2011, constituted clerical error. One of the counts, presumably count 4, should have been alleged to have occurred on October 28, 2011. As the prosecution indicated in the opposition to defendant's motion to sever, and as later alleged in the amended consolidated information filed on January 24, 2012, counts 4 and 5 were intended to concern defendant's acts of fleeing and resisting a peace officer on two separate days, October 28, 2011, and December 2, 2011. Defense counsel did not dispute this at the motion hearing.

Defendant also argues that the October 28, 2011 offense of receiving stolen property and the November 30, 2011 burglary (counts 2 and 3) were not linked to the December 2, 2011 offenses of resisting a peace officer and possession of methamphetamine (counts 1, 4, and 5), since counts 2 and 3 occurred on different dates than counts 1, 4, and 5. But as discussed above, it was argued and unrefuted during the hearing on the motion to sever that one of the counts for resisting a peace officer (count 4 or 5) actually occurred on October 28, 2011. There was thus a link between the offenses alleged in counts 3 and 4, and, in turn, cross-admissibility of evidence showing defendant fled from officers on more than one occasion. This refuted defendant's defense of mistake as to resisting a peace officer.

Even assuming the court was required to assume that counts 4 and 5 both occurred on December 2, 2011, for purposes of deciding the motion to sever, the fact that counts 2 and 3 occurred on different dates than counts 1, 4, and 5, did not require severance of counts 2 and 3 from the others because all of the counts were interrelated. All five counts

occurred within a little over one month, with count 3 occurring on October 28, 2011, count 2 occurring about a month later on November 30, 2011, and counts 1, 4, and 5 occurring a couple days later, on December 2, 2011. Also, evidence of counts 2 (burglary) and 5 (resisting a peace officer) was cross-admissible. In count 2, there was videotape evidence showing defendant wearing a blue Dodgers baseball cap when committing the burglary. There was also evidence defendant was wearing a blue Dodgers baseball cap when he fled from officers on December 2, 2011. The baseball cap and video of defendant were admissible in both counts to prove defendant was the perpetrator in both crimes. Evidence that defendant fled in both crimes also was cross-admissible to show defendant had committed previous crimes and was knowingly evading apprehension for commission of a series of crimes, including the offenses on October 28, 2011, November 30, 2011, and December 2, 2011.

Defendant further argues the theft-related offenses, counts 2 and 3, were not of the same class as counts 1, 4, and 5, which involved drugs and resisting a peace officer. But, as already discussed, count 3, which occurred on October 28, 2011, was committed on the same date and in connection with one of the two charges of resisting a peace officer, alleged in counts 4 and 5. It would have been inappropriate to sever count 3, alleging receiving stolen property, from one of the charges of resisting a peace officer, presumably count 4. The charges for resisting a peace officer, counts 4 and 5, were related directly to counts 1 (possession of methamphetamine for sale) and 3 (receiving stolen property). Therefore the trial court properly denied severance of counts 1, 4, and 5 from count 3. In addition, it was not an abuse of discretion to deny severance of count 2

10

for burglary from count 3 or from the other counts because count 2 was the same class of crime as count 3. (*People v. Grant* (2003) 113 Cal.App.4th 579, 586 [Fourth Dist., Div. Two] (*Grant*).) Counts 2 and 3 were property crimes.

Defendant alternatively argues that, even if denial of his motion to sever was proper under section 954, he was denied his rights to due process and a fair trial because the evidence for all five counts as a whole was inflammatory, and evidence supporting the offense for possession of methamphetamine (count 1) was weaker than the evidence supporting the other crimes. Defendant asserts this difference in relative strength of the counts and inflammatory impact resulted in a spillover effect, influencing the jury's determination of defendant's guilt as to each of the offenses. In making this assessment of prejudicial spillover effect, "we consider three additional factors, any of which— combined with our earlier determination of absence of cross-admissibility—might establish an abuse of the trial court's discretion: (1) whether some of the charges are particularly likely to inflame the jury against the defendant; (2) whether a weak case has been joined with a strong case or another weak case so that the totality of the evidence may alter the outcome as to some or all of the charges; or (3) whether one of the charges (but not another) is a capital offense, or the joinder of the charges converts the matter into a capital case." (*People v. Soper* (2009) 45 Cal.4th 759, 775; *Grant, supra,* 113 Cal.App.4th 586.)

As to the first factor, we cannot say that any of the charges in the instant case were more likely than the other charges to inflame the jury against defendant. There was not any great disparity in the nature of the charges. The facts pertaining to each crime,

11

compared to the other crimes, were not likely to unduly inflame the jury. Nor, contrary to defendant's assertion, is it clear that the evidence underlying any one charge was significantly weaker than evidence supporting the other charges. As to the second factor, all of the offenses were supported by relatively strong evidence. In addition, the trial court instructed the jury, and defense counsel reminded the jury to consider and decide each count separately from the other counts, thereby mitigating the risk of any prejudicial spillover. (*People v. Soper, supra,* (2009) 45 Cal.4th at p. 784.) The third factor is inapplicable since this is not a capital case. Considering the proceedings as a whole, we conclude there was no significant spillover effect and defendant's trial was not grossly unfair. (*Ibid.*)

Furthermore, trying the counts together was more efficient. "Because consolidation ordinarily promotes efficiency, the law prefers it." (*People v. Ochoa* (1998) 19 Cal.4th 353, 409; see also *People v. Koontz* (2002) 27 Cal.4th 1041, 1074.) Severing counts 2 and 3 from counts 1, 4, and 5 would have required the burglary victim in count 2 to testify twice regarding the video recording of defendant wearing a blue Dodgers baseball hat, since the evidence was relevant to identifying defendant in both offenses of burglary and resisting a peace officer. In addition, various members of the county's special enforcement team were involved in two or all three of the consolidated cases, and consolidation avoided the need for the officers to appear in court and testify in more than one trial. Consolidation eliminated the need for repetitive presentation in each of the cases of the same other-crimes evidence, including evidence of the other offenses

of burglary and resisting a peace officer.  Accordingly, we conclude the trial court did not abuse its discretion in denying defendant's motion to sever.

IV

MOTIONS TO CONSOLIDATE

Defendant contends the trial court abused its discretion by granting the prosecution's motion to consolidate case Nos. SWF1103027 and SWF1102014, and then consolidate master file case No. SWF1102014 with SWF1200109.

After denying defendant's motion to sever SWF1103027, the trial court heard and granted the prosecution's motion to consolidate SWF1103027 with SWF1102014.  Case No. SWF1102014 contained the following counts:

Count 1 – possession of methamphetamine for sale on July 21, 2011 (Health & Saf. Code, § 11378)

Count 2 - resisting a peace officer on July 21, 2011 (§ 148, subd. (a)(1))

Count 3 - under the influence of methamphetamine on July 21, 2011 (Health & Saf. Code, § 11550)

Rather than filing opposition to the prosecution's motion to consolidate case Nos. SWF1103027 and SWF1102014, defendant filed his motion to sever case No. SWF1103027, which the trial court denied.

After the prosecution filed an amended information in the master case, SWF1102014, adding the consolidated charges from SWF1103027, the prosecution filed another motion to consolidate, requesting consolidation of SWF1200109 with

13

SWF1102014 on the ground both cases charged defendant with burglaries, which were of the same class of crimes.

Case No. SWF1200109 contained the following counts:

Count 1 – residential burglary on September 11, 2011 (§ 459)

Count 2 - theft of a firearm on September 11, 2011 (§ 457, subd. (d)(2))

Count 3 - theft of a firearm on September 11, 2011 (§ 457, subd. (d)(2))

Count 4 - theft of a firearm on September 11, 2011 (§ 457, subd. (d)(2))

A month after the trial court granted the prosecution's first motion to consolidate, the court heard and granted the prosecution's second consolidation motion and ordered SWF1200109 consolidated with SWF1102014, with SWF1102014 deemed the master file. The trial court explained there was a presumption consolidation was proper when cases pled the same class of crimes. The court also found there was not an unusual likelihood of inflammation of the jury and a weak case was not being consolidated with a strong case. In addition, evidence was cross-admissible.

Under section 954, an accusatory pleading may charge two or more different offenses connected together in their commission, or two or more different offenses of the same class of crimes. "Offenses falling within this description, but charged in separate pleadings, may be consolidated for trial in order to promote judicial efficiency." (*People v. Koontz, supra,* 27 Cal.4th at p. 1074.) "Offenses are of the same class when they possess common attributes." (*People v. Leney* (1989) 213 Cal.App.3d 265, 269.) Moreover, offenses that are committed at different times and places against different victims are nevertheless connected together in their commission pursuant to section 954

14

if they are linked by a common element of substantial importance. (*People v. Lucky* (1988) 45 Cal.3d 259, 276.) The law generally favors consolidation of charges because it avoids unnecessary delay, public expense, and harassment of defendants. (*People v. Ochoa, supra,* 19 Cal.4th at p. 409; *People v. Hill* (1995) 34 Cal.App.4th 727, 735.) A trial court's rulings on joinder are reviewed for abuse of discretion. (*People v. Gray* (2005) 37 Cal.4th 168, 221.)

Defendant argues the trial court abused its discretion in granting the prosecution's motion to consolidate SWF1103027 and SWF1102014, because the offenses alleged in case No. SWF1103027 were not of the same class of offense or connected in their commission with the felony of possession of methamphetamine for sale, charged in case No. SWF1102014. Defendant acknowledges that, although possession for sale of methamphetamine was charged in both cases, the trial court erred in refusing to sever counts 2 and 3 (burglary and possession of stolen property) from counts 1, 4 and 5 (drug charges and resisting a peace officer) in case No. SWF 1103027. As discussed in the preceding section of this opinion, the trial court did not abuse its discretion in denying defendant's motion to sever. As a consequence, consolidation was proper because SWF1103027 and SWF1102014 contain the same class of offenses and offenses connected in their commission. The two cases both contain drug crimes and charges for resisting a peace officer. Likewise, the amended information in SWF1102014 and information in SWF1200109 pled the same class of offenses. Both cases pled property crimes: burglary, receipt of stolen property, and grand theft of firearms.

15

Defendant alternatively argues that the prejudicial effect of the trial court's cumulative errors deprived him of his constitutional rights to due process and a fair trial. Defendant argues that trying jointly the various crimes, committed on different dates, created the prejudicial presumption that defendant was a repeat offender. In addition, the consolidations resulted in trying charges supported with strong evidence of guilt with charges in which the evidence was very weak.

Even if consolidation of multiple counts is authorized under section 954, courts still "must always examine consolidation motions for their potentially prejudicial effect." (*People v. Lucky, supra,* 45 Cal.3d at p. 277.) A defendant must make a clear showing of prejudice to establish that the trial court abused its discretion by consolidating counts. (See *People v. Mendoza* (2000) 24 Cal.4th 130, 160.) The same factors considered in determining whether the trial court abused its discretion in denying defendant's motion to sever apply here regarding consolidation. Those factors include cross-admissibility of evidence and spillover effect from joining disparate inflammatory charges and joining a strong case with a weak one. (§ 954; *People v. Ochoa, supra,* 19 Cal.4th at pp. 409-410; *Mendoza,* at p. 161.) These factors are not all of equal weight: "Cross-admissibility is the crucial factor affecting prejudice. [Citation.]" (*People v. Stitely* (2005) 35 Cal.4th 514, 531.) "Where evidence would have been cross-admissible in separate trials, . . . '"any inference of prejudice is dispelled."'" (*People v. Gray, supra,* 37 Cal.4th at p. 222, quoting *People v. Memro* (1995) 11 Cal.4th 786, 850.)

Here, evidence of possession of methamphetamine for sale on July 21, 2011, and December 2, 2011, was cross-admissible to support findings of intent to sell and

16

possession. Evidence of resisting a peace officer was also cross-admissible to show absence of mistake or accident when defendant fled and resisted arrest on July 21, 2011, October 28, 2011, and December 2, 2011. There was also cross-admissibility of evidence as to SWF1200109. Evidence in SWF1200109, of defendant's fingerprints found at the residence burglarized on September 11, 2011, was cross-admissible to support a finding defendant committed the burglary on November 30, 2011, in SWF1102014. The burglary evidence in both cases was also cross-admissible to establish a common scheme or plan. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 403 (*Ewoldt*).) Both charged burglaries were similar to the extent they occurred during the daytime, in neighboring communities, within three weeks of each other. Both homes were ransacked, and similar items were stolen, including pillowcases used to carry the stolen property.

We also conclude as to the remaining factors considered in determining prejudice, that defendant has not established prejudice. Defendant relies on the same arguments raised in the preceding section regarding his motion to sever. We reject those arguments for the same reasons we rejected them above, regarding the motion to sever. None of the offenses alleged in any of the three consolidated cases were significantly stronger or weaker than the others. All of the offenses were supported by substantial evidence, and none of the charges were significantly more inflammatory than the other charges.

Furthermore, resulting efficiencies derived from consolidating the cases weighed in favor of consolidation. Various members of the county's special enforcement team were involved in more than one of the cases and consolidation avoided the need for the officers to appear in court and testify in more than one trial. In addition, consolidation

17

eliminated the need for repetitive presentation in each of the cases of the same other-crimes evidence. "Because consolidation ordinarily promotes efficiency, the law prefers it." (*People v. Ochoa, supra,* 19 Cal.4th at p. 409; see also *People v. Koontz, supra,* 27 Cal.4th at p. 1074.) Accordingly, the trial court did not abuse its discretion in denying defendant's motion to sever.

V

ADMISSIBILITY OF UNCHARGED BURGLARY EVIDENCE

Defendant contends the trial court abused its discretion in allowing evidence he committed an uncharged burglary offense on November 1, 2011. The trial court denied defendant's motion to exclude the evidence, ruling the evidence was admissible to establish common plan or scheme, and the probative value of the evidence was not outweighed by its prejudicial nature. As a consequence, evidence was introduced at trial that on November 1, 2011, around 3:00 p.m., Joann Lee returned home to discover her home had been ransacked. A pillowcase, jewelry, and her laptop computer were missing. Defendant's fingerprints were found on a window screen in Lee's master bedroom.

Generally, evidence of the defendant's other crimes or misconduct is inadmissible when it is offered to show the defendant had the criminal propensity to commit the charged crime. (Evid. Code, § 1101, subd. (a).) However, prior acts evidence may be admitted when relevant to prove some other fact, such as knowledge or common plan. (§ 1101, subd. (b); see *Ewoldt,* at pp. 393-403.) If the evidence is admissible on a proper basis, the court should conduct an Evidence Code section 352 balancing analysis to ensure there is no undue prejudice. (*People v. Lindberg* (2008) 45 Cal.4th 1, 22-23.)

18

"'Because this type of evidence can be so damaging, "[i]f the connection between the uncharged offense and the ultimate fact in dispute is not clear, the evidence should be excluded." [Citation.]'" (*People v. Fuiava* (2012) 53 Cal.4th 622, 667.) We review the trial court's rulings on the admission of evidence under Evidence Code sections 1101 and 352 for abuse of discretion. (*Id.* at pp. 667-668.)

Here, evidence of the November 1, 2011 burglary was admissible to prove common plan or scheme. A substantial similarity between the prior and the charged offense is required to prove the existence of a common scheme or plan. (*Ewoldt, supra,* 7 Cal.4th at pp. 393-403.) "'[A] common scheme or plan focuses on the manner in which the prior misconduct and the current crimes were committed, i.e., whether the defendant committed similar distinctive acts of misconduct against similar victims under similar circumstances.'" (*People v. Walker* (2006) 139 Cal.App.4th 782, 803.) "To establish the existence of a common design or plan, the common features must indicate the existence of a plan rather than a series of similar spontaneous acts, but the plan thus revealed need not be distinctive or unusual." (*Ewoldt,* at p. 403.)

In the instant case, the uncharged November 1, 2011 burglary and the other burglaries committed by defendant followed a similar pattern of defendant breaking into homes during the daytime, when the homeowners were not home. Defendant kicked in a door or entered through a window, and ransacked the homes (the "smash and grab" method). He stole items he could carry himself, which were of a similar nature. In each of the burglaries, he stole jewelry, electronic equipment, including computer laptops, and pillowcases, presumably used to transport the stolen items. All four burglaries occurred

19

within the vicinity of Hemet and nearby San Jacinto, and were committed within a relatively close time frame, between September 11, 2011, and November 30, 2011.

The fact that these elements are common to many burglaries does not negate the admissibility of the evidence to show a common plan or scheme. Unlike evidence of uncharged acts used to prove identity, the plan need not be unusual or distinctive; it need only exist to support the logical inference that the defendant employed that plan in committing the charged offense. (*Ewoldt, supra,* 7 Cal.4th at p. 402.) The court did not abuse its discretion in admitting the evidence based on a finding that the manner in which the burglaries were committed was similar enough to prove the existence of a common scheme or plan under Evidence Code section 1101, subdivision (b).

Defendant argues that, even assuming there was sufficient evidence establishing "common plan [or] scheme," the uncharged burglary evidence should have been excluded under Evidence Code section 352, as unduly prejudicial and cumulative, since there already was evidence defendant had committed three burglaries. The other burglaries were on September 11, 2011, October 26, 2011 (uncharged), and November 30, 2011. Defendant argues there was already abundant evidence of a common plan or scheme. The additional evidence created a danger the jury would punish him for the uncharged offense. Defendant further argues the evidence also increased the likelihood of confusing the issues, since the jury had to determine whether the uncharged crime had occurred. Unlike the uncharged October 26, 2011 burglary, which related to the October 28, 2011 charge of receipt of stolen property, the November 1, 2011 burglary was unconnected to any of the other charges. Defendant argues that the error in admitting the uncharged

20

burglary evidence was so prejudicial that it violated his constitutional rights to due process and a fair trial. Therefore the *Chapman*[3] harmless error standard applies. We disagree.

Evidence Code section 352 states: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." The court's ruling on the admission or exclusion of evidence under Evidence Code section 352 "'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125, quoting *People v. Jordan* (1986) 42 Cal.3d 308, 316.)

Because evidence of the November 1, 2011 burglary was relevant to showing the common plan or scheme, the trial court reasonably found that the probative value of the evidence outweighed any prejudicial impact it might have. In addition, there was strong evidence defendant committed the November 1, 2011 burglary. Evidence of the burglary included fingerprint evidence implicating defendant in the November 1, 2011 burglary. Because of the similar nature of defendant's other burglaries, a reasonable inference could be made that defendant was also the burglar in the other charged burglaries.

---

[3] *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

Allowing the evidence of the November 1, 2011 burglary did not create a substantial danger of confusing the issues, misleading the jury, or undue prejudice. The victim, Joann Lee, briefly testified to discovering her home had been burglarized. Community service officer Nancy Tyake and fingerprint examiners Louise Notarte and Jayshree Sakaria testified to fingerprint evidence, collected at Christi Lee's home (regarding the October 26, 2011 burglary) and at Joann Lee's home (regarding the November 1, 2011 burglary). Notarte and Sakaria testified that the fingerprint evidence collected from Christi Lee and Joann Lee's homes was from the same person, defendant.

Furthermore, any possible confusion caused by evidence of the uncharged November 1, 2011 burglary was minimized by jury instructions on the appropriate use of the uncharged burglary evidence. (CALCRIM No. 375 (Evidence of uncharged offense to prove identity, intent, common plan).) Juries are presumed to have understood and followed the instructions given. (*People v. Van Winkle* (1999) 75 Cal.App.4th 133, 148.)

The probative value of the other-crime evidence was not "substantially outweighed by the probability that its admission [would] (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) Accordingly, the trial court did not abuse its discretion by admitting evidence of the uncharged November 1, 2011 burglary.

# VI

## DENIAL OF DUE PROCESS BASED ON GROSS UNFAIRNESS

Relying on *Grant, supra,* 113 Cal.App.4th 579, defendant alternatively argues that, even assuming the trial court's pretrial rulings, denying severance and allowing consolidation, were correct when made, the rulings resulted in gross unfairness amounting to a denial of defendant's right to due process and a fair trial. Defendant complains that during closing argument, the prosecutor portrayed defendant as predisposed to crime and disparaged defendant's character by emphasizing all of the criminal acts committed by defendant, including being under the influence and possessing methamphetamine, fleeing from the police several times, burglarizing four homes, and stealing three firearms. The prosecutor added during rebuttal that defendant posed an inherent danger to the public if allowed to remain free and therefore should be locked up. This, defendant argues, encouraged the jury to punish him as a repeat offender.

Defendant's reliance on this court's decision in *Grant, supra,* 113 Cal.App.4th 579, is misplaced. In *Grant,* the defendant was convicted of burglary (count 1), receiving and concealing stolen property (count 2), and possession of personal property (count 3). (*Id.* at p. 583.) On appeal, this court determined that the trial court did not abuse its discretion in denying the defendant's motion to sever each of the counts. However, we held that "the joinder substantially prejudiced defendant's right to a fair trial" for the following four reasons. (*Id.* at p. 587.) First, the evidence was not cross-admissible. "Second, the prosecutor urged the jury to draw the impermissible inference that, because

23

defendant possessed stolen computer equipment (count 2), he burgled the school for computer equipment (count 1). Third, the trial court refused defendant's request for an instruction on the non-cross-admissibility of the evidence on counts 1 and 2, and the trial court's other instructions did not ameliorate these errors. Fourth, the evidence on counts 1 and 2 was considerably similar, and the evidence on count 1 was not strong." (*Id.* at p. 588.) We concluded in *Grant* that it was "therefore likely that the jury used the evidence that defendant received and was concealing computer equipment stolen from a school (count 2) to infer he burgled the school for computer equipment (count 1)." (*Ibid.*)

The instant case is distinguishable from *Grant* for the following reasons. First, as discussed above regarding the trial court rulings on the motions to sever and consolidate, there was cross-admissible evidence in the instant case. Second, the prosecutor did not urge the jury to consider the charges in concert, as was improperly done in *Grant*. Furthermore, unlike in *Grant*, the trial court instructed the jury to consider each count separately. (CALCRIM No. 3515.) Third, the trial court did not refuse any request by defendant for instruction on non-cross-admissibility of evidence or on the use of other crimes evidence. Here, there was no instructional error in this regard and the court appropriately instructed the jury on the limited use of evidence of uncharged offenses to prove identity, intent, and common plan, and explained that such evidence alone was not sufficient to prove the charged offenses. Fourth, as discussed above, evidence of each of the charges was not significantly stronger than any of the other charges.

Without arguing the evidence was insufficient as to any of defendant's convictions individually, defendant nevertheless argues that it was grossly unfair and highly

24

prejudicial to allow the jury to consider evidence of all of the charges in aggregate.

Citing *Grant, supra,* 113 Cal.App.4th at pages 587-588, defendant argues that the issue is not whether there was sufficient evidence of a particular count but, rather, "whether the error [in joining the counts] itself had substantial influence [on the jury]." Here, there was no error in joining the counts. Defendant has not demonstrated a reasonable probability that the joinder of counts unfairly affected the jury's verdicts. (*Id.* at p. 588.) We therefore conclude joinder of the 12 counts did not result in gross unfairness amounting to a denial of a fair trial or due process. (*Id.* at p. 587.)

## VII

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

RICHLI
J.

25